FELIX J. DUFFY, Respondent, v. DENNIS J. O'DONOVAN et al., Appellants.

Plaintiff purchased certain real estate at an auction sale, paying ten per cent of the purchase-price. The usual memorandum of sale was signed by him and the auctioneer. At the place, and shortly before the hour agreed upon, for the payment of the balance of the purchase-money, he tendered vendor's agent a check for the amount, which the agent refused, unless certified, but permitted plaintiff to go for the certification, and with the impression that the certified check would be received at any time during the day. Plaintiff returned about two hours after the time fixed for performance, with the check duly certified, which he tendered, and demanded the deed. This was refused, upon the ground, that the time for performance had passed. The lands were the same day conveyed to a third person, who had full knowledge of all the facts. In an action for specific performance against the vendor and subsequent purchaser, the complaint in which set up a contract of sale, which was admitted by the answer, — Held,

1st. Defendants having admitted contract, and not having pleaded the statute of frauds, are deemed to have renounced the benefit of it.

2d. Performance at the precise time was waived, and vendor was estopped from claiming, that the right to perform was lost by lapse of time.

3d. The tender not having been refused because not in money, the right to demand money was waived.

4th. The subsequent purchaser took title subject to the equities of plaintiff, and was properly required to convey to him.

(Submitted June 21, 1871; decided September 2, 1871.)

APPEAL from judgment of the late General Term of the second judicial district, affirming judgment entered in Kings county upon decision of court in favor of plaintiff.

Action for specific performance of contract for the sale of lands in Brooklyn. The premises in question were owned by the defendant Dennis O'Donovan, and were sold to the plaintiff at public auction on the 11th of November, 1868. The usual memorandum of sale was signed by the auctioneer and the plaintiff, the latter paying ten per cent of the purchase-price, and agreeing to pay the balance on the first day of December, at twelve o'clock, at the office of T. F. O'Donovan,

202 Broadway, New York, when and where the deed was to be ready for delivery. Shortly before the hour named, the plaintiff was at the place named, and Mr. T. F. O'Donovan, the agent and attorney of the vendor, was there with the deed ready for delivery, and the amount to be paid was computed and ascertained. The plaintiff proposed to give his check for the amount, on one of the banks in the city of Brooklyn, which the agent declined receiving unless certified, and the plaintiff then left to get the check certified, the agent saying he should be in his office all the day.

The plaintiff returned before two o'clock with a certified check for the amount, and tendered the same, and demanded a delivery of the deed, which was refused, on the sole ground that the time was past, and the sale had been canceled. The same afternoon the agent and attorney of the vendor called upon his father, the other defendant and a relative of the vendor, and induced him to take a conveyance of the premises, at the price agreed to be paid by the plaintiff, he having full knowledge of all the facts.

The justice before whom the case was tried gave judgment for the plaintiff, which was affirmed by the General Term of the Supreme Court, sitting in the second district.

*Jacob A. Gross*, for appellant. That the court should reform the findings of fact, in accordance with the evidence. (*Draper* v. *Stonewell*, 38 N. Y., 219.) The contract was void within the statute of frauds. (*Fenly* v. *Stewart*, 5 Sandf., 109; *Champion* v. *Plummer*, 1 N. R., 252; *Wheeler* v. *Collier*, M. & M., 123; *Dobell* v. *Hutchinson*, 3 A. & E., 355; *Wright* v. *Weeks*, 25 N. Y., 158; *Young* v. *Drake*, 1 Seld., 463.) Appellants have a right to object here to the legal sufficiency of the complaint. (Code, § 148; *Cole* v. *Blunt*, 2 Bosw., 125.) The rescission of the contract was legal, respondent being in default. (*Friess* v. *Rider*, 24 N. Y., 367; *Benedict* v. *Lynch*, 1 Johns. Ch., 374; *Harrington* v. *Wheeler*, 4 Ves., 690; *Lloyd* v. *Collett*, 4 Brown Ch., 469; *Lamond et al.*, v. *Davall*, 7 Ad. & Ell., N. S., 1029.) The

agent was a special agent, and a departure from his instructions could not affect his principal. (*Easton* v. *Clark*, 35 N. Y., 225 ; *Hotsinger* v. *National Corn Ex. Bank*, 6 Abb., N. S., 295 ; *Hogg* v. *Smith*, 1 Taunt., 347 ; *Gardiner* v. *Baillie*, 6 Term., 591 ; *Hutchings* v. *Munger*, 41 N. Y., 155.) No valid tender was made. (*Fellows* v. *Northrup*, 39 N. Y., 117 ; *Matthews* v. *Hamilton*, 23　470 ; *Ward* v. *Evans*, Salk., 442 ; S. C., 2 Ld. Raymond, 930 ; *Nickson* v. *Brohan*, 10 Mod., 100 ; Pynnel's Case, 5 Rep., 117 ; *Smock* v. *Dade*, 4 Rand, 642 ; *Barker* v. *Greenwood*, 2 Young & Coll. Exch., 418 ; S. C., 6 Law. J. N. S. Ex. Eq., 54 ; *Bartlett* v. *Pentland*, 10 B. & C., 760 ; *Russell* v. *Bangley*, 4 B. & A., 395 ; *Thorold* v. *Smith*, 11 Mod., 72, 87 ; *Blow* v. *Russell*, 1 C. & P., 365 ; *Underwood* v. *Nichols*, 17 Com. B., 239 ; *Keller* v. *Scott*, 2 Smedes & M., 81 ; *Williams* v. *Evans*, 35 Law J. N. S. Q. B., 111 ; *McCulloch* v. *McKee*, 4 Harris, 2, 8, 9 ; *Lobdell* v. *Baker*, 42 Mass., 202 ; *Bridges* v. *Garrett*, 21 L. T. N. S., 141, C. P ; Edwards on Bills, 57, 58.)

*Crook, Bergen & Pratt*, for respondents. That the tender was good. (2 Green on Ev., § 601.) No tender was necessary, it having been waived by defendants' refusal to perform. (15 Wend., 474 ; 8 Johns., 474 ; 7 Johns., 476 ; 2 Sand. Chy., 143 ; 20 Barb., 509 ; 1 E. D. Smith, 463 ; *Stone* v. *Sprague*, 20 Barb., 509.) Time is not the essence of the contract. (*Gale* v. *Archer*, 42 Barb. 3, 20 ; 2 Story Eq. J., 62 ; 96 § 771 ; 99 § 775, note 4 ; *Hepwell* v. *Knight*, 1 Young· & Collyer, 415 ; *Lamond* v. *Davoll*, 9 Adolph & Ellis, N. S., 1030.) The sale was not rescinded. (2 Bouv. Law· Dic., 468.) The subsequent purchaser is subject to the equities attaching to the vendee. (*Laverty* v. *Moore*, 33 N. Y. 658.)

ALLEN, J. The judge by whom the case was tried has, upon competent evidence, found every fact essential to sustain the action and the judgment given therein. Upon the only question of fact in respect to which there was any conflict of evidence, if it was within the province of this court to review

the findings of fact, when there was any evidence to sustain them, we should concur in opinion with the court below.

The balance of evidence was with the plaintiff as to the transactions of the first of December, and clearly showed an assent on the part of the agent of the vendor that the vendee might have the brief time, beyond the hour named for the performance of the contract, necessary to procure the certification of his check. Had it been intended, to hold the plaintiff to a performance at the very minute, the party should have given notice of such intention at the time when the vendee proposed to go for the certification and return to consummate the transaction at a later hour in the day; and no objection being then made, the vendor was estopped from claiming, upon the return of the vendee within a reasonable time, that the right to perform had been lost by lapse of time.

But the objections taken to the judgment, will be considered in the order in which they are made upon this appeal.

1. It is objected that no contract, valid by the statute of frauds, was proved upon the trial. There are several answers to this. 1. It was not taken or made at the trial. 2. A contract of sale was averred in the complaint, and admitted by the answer. If the defendants had intended to insist upon the statute of frauds, or the invalidity of the contract for any other reason, they should have denied the making of the same, and put the plaintiff to proof, or set up the special matter relied upon. Having admitted the contract, and not having pleaded the statute of frauds, or insisted upon it in their answer, the defendants are deemed to have renounced the benefit of it. (*Harris* v. *Knickerbacker*, 5 Wend., 638 ; *Cozine* v. *Graham*, 2 Paige, 177.) 2. It is claimed that the plaintiff was in default, in that he was not prepared to accept the deed of the premises, and pay the ninety per cent of the purchase money remaining unpaid, precisely at the hour named for the performance of the contract. He was at the place shortly before the time, prepared to complete the purchase, but was met with the objection, that his check was not certified, and

left, with the assent of the seller's agent, to procure the required certification.

Performance at the precise time was waived by the agent, and the vendor cannot claim that this was without authority. It was an act clearly within the scope of his authority, as indicated to the plaintiff, and no secret, undisclosed instructions of the principal to the agent, if any such had existed, restricting and limiting his apparent authority, could affect the rights of innocent third persons. But without this assent, the plaintiff's right in equity to a performance of the contract was perfect. In legal actions the rule is more stringent than in equity, and a party to a contract, asserting his right by an action at law, must bring himself strictly within the terms of the contract; but courts of equity will enforce contracts specifically, when no action for damages could be maintained. (*Friess* v. *Rider*, 24 N. Y., 367; *Lennon* v. *Napper*, 2 Sch. & Lef., 684.)

Time is not ordinarily regarded in equity as the essence of the contract, unless the parties have so treated it, or it necessarily follows from the nature and circumstances of the contract.

If the party seeking performance has acted with good faith and reasonable diligence, and there has been no change of circumstances affecting the equities of the parties, or the justice of the contract, and time has not been expressly, or by implication, made of the essence of the contract, a court of equity will decree a specific performance, although there has not been a literal performance as to time. (Story Eq. Jur., § 76, and cases cited in notes.) The plaintiff here was guilty of no laches, but was ready, desirous, and eager to perform his contract; and the delay of one hour and a half in the actual tender of the money, was excused by the acts of the vendor's agent, and there is nothing in the character of the property, or the nature of the transaction to indicate that time was intended to be essential. 3d. It is urged that the tender was insufficient, as it was not in money. But it was not refused for that reason. It was rejected because not made

in time, and not because the certified check was not money or legal tender. It cannot now be objected, that the party could not have been compelled to accept a certified check in lieu of money. He waived his right to demand the money by not asserting it at the proper time. (*Carman* v. *Pultz*, 21 N. Y., 547; *U. S. Bank of Georgia*, 10 Wheat., 333; *Snow* v. *Perry*, 9 Pick., 542.)

The objection to the tender could have been obviated, and, therefore, was waived, not having been taken. 4th. The objection that the defendant, Timothy O'Donovan, was a *bona fide* purchaser, and therefore, not affected by the equities of the plaintiff, is not sustained by the evidence. The conveyance to him was collusive and to avoid the plaintiff's claim, and was taken by the grantee with full notice and knowledge of all the circumstances. He took his title subject to the equities of the plaintiff, and was properly required to convey to the plaintiff. (*Laverty* v. *Moore*, 33 N. Y., 658.)

The judgment should be affirmed with costs.

All concur. Judgment affirmed.