## CHESTER NORTHROP

*v.*

## ALBERT B. BOONE.

1. SPECIFIC PERFORMANCE—*sufficiency of bill to support decree.* It was objected, on appeal, to a bill for specific performance, that it did not aver that the defendant owned the land or could convey it; also, that the bill did not describe the land as situate in any county. The bill alleged that defendant was in possession of the land, and the proof showed ownership. The venue of the bill was laid in the proper county, and alleged that the land was situate " in said county:" *Held,* that the objections were not well taken.

2. SAME—*description of land in bill.* Where a bill for specific performance only sought for specific performance as to a tract described by metes and bounds, and for that the decree was rendered; and it appeared it was surveyed in the presence of both parties, and was clearly the tract intended to be sold under a verbal contract, it was held there was no error.

3. STATUTE OF FRAUDS—*what will take a verbal contract to convey land out of the statute.* Where, under a parol contract, land was partly purchased, and $10 paid down, and partly given in consideration of the erection of a blacksmith shop, the land not being worth over $25, and, as the result of the negotiation, possession was taken by the complainant, and improvements made by him on the land to the value of $300 to $500: *Held,* that these facts were sufficient to take the case out of the operation of the statute of frauds, on bill in equity seeking a specific performance.

APPEAL from the Circuit Court of McHenry county; the Hon. THEODORE D. MURPHY, Judge, presiding.

Mr. JAMES H. SLAVIN, for the appellant.

Mr. FRANK CROSBY, for the appellee.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

The objections urged by appellant we will notice *seriatim* as they are made in the argument:

*First*—The bill does not aver that defendant owned the land, or could convey it.

The bill alleges that he was in possession, and the evidence shows that he had a good title to the land. After decree, and upon such proof, the objection is not well taken.

*Second*—There is no description of the land, so as to know the county in which it is located.

The venue of the bill is laid in a certain county, and the allegation that the land is situate "in said county," refers to it, and is sufficient.

*Third*—It is impossible to ascertain from the bill which is the half acre and which is the quarter acre.

The bill only seeks specific performance as to the tract described by metes and bounds, containing eighty-six rods, and for that the decree was rendered. This tract was surveyed in the presence of both parties, and is clearly the one intended to be granted.

The statute of frauds has no application to the facts.

The land was partly purchased, and $10 paid, and partly given in consideration of the erection and operation of a blacksmith shop. It was only worth $25 per acre. As the result of the negotiation between the parties, possession was taken, and improvements were made of the value of $300 to $500.

The proof was sufficient to take the case out of the statute of frauds, and it would have been inequitable not to have decreed specific performance of the agreement.

The evidence is somewhat conflicting, but the preponderance is decidedly in favor of the complainant.

The decree must be affirmed.

*Decree affirmed.*