ALGER v. JOHNSON.

*Pleading.  Statute of frauds — promise to pay debt of another.*

Where the complaint only alleged an indebtedness generally, *held*, that it was not necessary to set up the statute of frauds in the answer.

Plaintiff was requested by B. to do work upon a house B. was erecting, but refused to be employed by B., whereupon defendant told plaintiff to do the work whatever B. ordered, and defendant would pay him for it. *Held*, not a promise to pay the debt of another within the statute of frauds.

APPEAL by defendant from a judgment in favor of plaintiff entered upon the report of a referee.

The action was brought by Ransom P. Alger against Willard Johnson to recover for work, labor and materials furnished in the construction of a building. Plaintiff was a builder. In May, 1870, one Baker applied to plaintiff to do work upon a building which was being erected by Baker, who informed plaintiff that the pay for his work was coming from defendant. Plaintiff refused to work for Baker and defendant subsequently saw plaintiff and told him to do whatever Baker ordered upon the building. Plaintiff in accordance with this direction did work and furnished materials, for a portion of which Baker gave orders on defendant, which were paid. Baker died in September, 1870. In May, 1870, Baker assigned his interest in the lands upon which the building was erected to defendant to secure such sums as defendant should advance or loan to Baker, and defendant afterward became the absolute owner thereof.

*Stephens & Pardee*, for appellant.

*H. C. Howe*, for respondent.

Present — MULLIN, P. J., E. DARWIN SMITH and GILBERT, JJ.

GILBERT, J. Under the pleadings the plaintiff, in order to recover, was bound to prove a valid contract. The complaint does not set forth the contract, but only avers an indebtedness generally. The answer contains a denial of all the allegations in the complaint and then puts in issue all the facts on which the indebtedness of the defendant depends. It is only where the complaint sets forth a contract, and the answer admits that allegation, that the defendant must plead the statute of frauds. Moak's Van Santv. Pl. 505, 555 ; *Duffy* v. *O'Donovan,* 46 N. Y. 226.

We think the contract proved was not within the statute of frauds, but was an original undertaking of the defendant, and not one collateral to a promise by Baker. The fallacy of the argument on behalf of the defendant consists in the assumption that Baker incurred the same debt to the plaintiff, whereas the proof is that the plaintiff refused to be employed by Baker, and thereupon the defendant employed him to do the work under Baker's orders. We have no doubt that the terms of this employment comprehended the supplying of materials.

There was no error in admitting in evidence the contract for the sale of the land, and the assignment thereof, because they showed the defendant's interest in the premises, and so aided the referee in interpreting the language used by the parties when the indebtedness sued on was incurred.

The judgment should be affirmed.

*Judgment affirmed.*