LEONARD G. QUINLIN *et al.*, Respondents, *against* AARON
RAYMOND, Appellant.

(Decided December 7th, 1886.)

In an action on a contract set forth in the complaint, where the answer
admits the allegation, the statute of frauds is not a defense unless
specially pleaded.

In an action by grain brokers to recover the difference between the pur-
chase and selling price of grain bought for defendant for future
delivery, and sold by plaintiffs on defendant failing to pay a margin
on the price declining, it appeared that such grain was sold on insuffi-
cient notice to defendant, but that, subsequent to the sale, had with
defendant's knowledge, the market price of the grain was consider-
ably lower, and that the price advanced in a few days so that it was
higher than when plaintiffs made the sale.  *Held*, on appeal, that the
referee, although holding the sale a technical conversion, properly
allowed as damages the difference between the purchase and selling
price, there being no evidence that defendant wished or intended to
replace the grain, and it appearing that the question as to the meas-
ure of damages was not presented to the referee at the trial.

APPEAL from a judgment of this court entered upon the
report of a referee.

The action was brought to recover commissions upon and
money paid out in the purchase and sale of wheat for de-
fendant.  The defendant ordered plaintiffs' agent to pur-
chase wheat, deliverable in May, at a certain price, which
order was executed at the Board of Trade in Chicago by
plaintiffs' correspondent there.  The transaction was duly
entered on the agent's books.  Defendant paid nothing un-
til the price of May wheat declined, when plaintiffs' agent
called for a margin, which was paid by defendant, and, it de-
clining still further, called for another margin, which was
likewise paid.  The price still declining, the agent again
called for a margin, giving the usual printed notice that un-
less such margin was paid the wheat would be sold for de-
fendant's account on the floor of the Chicago Board of Trade
the second day thereafter (which was Monday) at noon.  The

margin not being made good, the wheat was sold at such time for the then current price. The price of wheat further declined, but again revived in a few days to a price higher than that at which plaintiffs had sold defendant's wheat. The referee before whom the case was tried found for plaintiffs for the difference between the purchase and selling price of the wheat, together with the usual brokers' commissions on such purchase, less the margin paid by the defendant. Judgment for plaintiffs was entered on the report; and from the judgment defendant appealed.

*Ira D. Warren,* for appellant.

*Henry A. Root,* for respondents.

VAN HOESEN, J. — When the complaint sets forth a contract, and the answer admits the allegation, the defendant must specially plead the statute of frauds, or it will furnish no defense (*Duffy* v. *O'Donovan,* 46 N. Y. 226; *Marston* v. *Swett,* 66 N. Y. 206). There is no plea of the statute of frauds in the answer, and, therefore, even if the employment of the plaintiffs by the defendant ought, by the terms of that statute, to have been in writing (as the defendant· erroneously contends), the want of a writing would not bar the plaintiffs from a recovery.

The referee properly decided that the evidence was entirely insufficient to establish that the plaintiffs and the defendant combined to violate the gaming act by gambling for differences in the price of wheat. There was evidence — evidence that the referee had a right to credit — that the wheat was to be actually delivered.

Neither in his answer nor in his requests for findings did the defendant ask for a different measure of damages from that which was adopted by the referee. It is possible that, had the attention of the referee been called to the matter, he might have awarded less to the plaintiffs, and given to the defendant the benefit of a liberal application of the rule laid down in *Baker* v. *Drake* (53 N. Y. 217). But, at the ar-

gument of the appeal, it is too late to raise questions as to the quantum of damages that ought to have been presented to the referee. Besides, as the referee well says, there is no proof that the defendant wished or intended to replace the wheat. It may very well be that, fearing a further decline in the price, he acquiesced in the wisdom of the plaintiffs' action in selling the wheat. If that were the case, the correctness of the referee's judgment is beyond impeachment.

LARREMORE, Ch. J., and J. F. DALY, J., concurred.

Judgment affirmed, with costs.