### BAKER *v.* CODDING *et al.*

(*City Court of New York, General Term.* March 10, 1892.)

STATUTE OF FRAUDS—CONTRACTS NOT TO BE PERFORMED WITHIN A YEAR.

An oral contract of employment, invalid by the statute of frauds because by its terms it is not to be performed within one year from the making thereof, is not taken out of the statute by part performance.

(*Syllabus by the Court.*)

Appeal from trial term.

Action by Ebenezer T. Baker against D. Edgar Codding and others. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before EHRLICH, C. J., and VAN WYCK, J.

*John B. A. Mullally,* for appellants.  *Geo. Carlton,* for respondent.

VAN WYCK, J. The plaintiff admits, and his reply to defendants' letter (plaintiff's Exhibit B) and their reply to him (plaintiff's Exhibit C) clearly show that, up to the time when he visited defendants at Attleboro, no contract of employment had been agreed upon between him and them. The plaintiff testifies that the visit was the last of November, 1889, and that on that occasion he and defendants entered into an oral contract by which they agreed to employ him as salesman for the term of one year from the middle of December next, and his employment to terminate the middle of December, 1890. He further testified that he was unjustifiably discharged from such employment on March 5, 1890, and his action is to recover damages sustained by him by reason of such breach. The contract, as testified to by plaintiff himself, is certainly rendered void by the statute of frauds, which provides that "every agreement that by its terms is not to be performed within one year from the making thereof" shall be void unless in writing, etc.; and the record shows that defendants' motion to dismiss the complaint, on the ground that the contract was oral, and not by its terms to be performed within a year from the making thereof, was duly made, and exception taken to its denial, and so this ruling is properly up for review. The fact that plaintiff entered upon his employment in December, and performed under the contract until the following March, cannot avail him, for part performance within the year cannot help his case, and to hold that part performance will take the case out of the statute would be a nullification of the statute. *Wahl* v. *Barnum*, 116 N. Y. 98, 22 N. E. Rep. 280. Plaintiff's counsel insists that "defendants' answer neither sets up the statute nor denies the contract," and, if this contention was justified by the allegations and denials of the answer, an affirmance of the judgment would follow; for, under such conditions, the rule is that if defendants admit the contract, and do not plead the statute of frauds, or insist upon it in their answer, they are deemed to have renounced the benefit of it. *Duffy* v. *O'Donovan*, 46 N. Y. 223. However, this rule cannot be invoked in aid of the plaintiff in the case at bar, for the second and third paragraphs of the complaint allege a contract which by its terms is not to be performed in a year, and plaintiff's part performance thereunder, while the first paragraph of the answer specifically denies the allegations con-

tained in the second and third paragraphs of the complaint; and although the fourth paragraph of the answer alleges the making of another and different contract of employment with the plaintiff, which by its terms would be enforceable by action, even though made by word of mouth, still the plaintiff was put to his proof of his alleged contract on defendants' specific denial thereof, and hence it was not necessary for defendants to plead the statute in order to enable them to avail themselves of its benefit; but this they could and did do, as soon as it appeared by plaintiff's own testimony that the contract was not, by its terms, to be performed within one year from the making thereof, as alleged in the complaint, and that it was not in writing. This judgment must be reversed, and plaintiff's complaint dismissed, with costs, and costs of appeal, and judgment ordered for the defendants.