W. C. BRADSHAW, APPELLANT, *v.* G. W. MORSE, RESPONDENT.

[Submitted September 30, 1897.   Decided October 18, 1897.]

*Referee—Authority Of.*

The terms of an order of reference determine the scope of the referee's authority; and a referee who is appointed to state an account between parties has no authority to determine the whole issue; and the court can disregard the findings of the referee allowing or disallowing specific items in the account.

*Appeal from District Court, Granite county.   Theodore Brantly, Judge.*

ACTION by W. C. Bradshaw against G. W. Morse for an

accounting. From a judgment for defendant, plaintiff appeals. Affirmed.

Statement of the case by the justice delivering the opinion.

It appears from the record that the parties to this suit became partners in the butcher business at the town of Philipsburg, in the county of Granite, about November, 1880, and continued to do business as such under the firm name of Morse & Bradshaw until some time in June, 1890, when the partnership was dissolved by the sale of the business to another party. In November, 1894, the plaintiff brought this suit for a settlement of the accounts of said firm, claiming defendant to be largely indebted to him. The defendant admitted the account between the parties, as members of said firm, to be unsettled, but denied his indebtedness to the plaintiff upon a settlement of the account between them. claiming, on the contrary, that plaintiff, upon such a settlement, would be shown to be indebted to the defendant in a large sum.

The court made an order appointing E. Scharnikow, Esq., referee in the case. The order appointing the referee states that : ''It appearing to the court from the pleadings filed in said cause that the trial of the issue of facts raised herein requires the examination of a long partnership account of the partnership transactions and dealings of the firm of Morse & Bradshaw, as set out in the pleadings of the parties herein, from on or about the 15th day of November, 1880, until the dissolution of said firm, on or about June 9, 1890, and also of the partnership transactions thereafter by the said parties in the winding up of the business of said firm up to the commencement of this action, November 4, 1893 : Therefore, it is hereby ordered and adjudged and decreed that this is a proper cause for accounting; therefore, by reason of the premises aforesaid, it is hereby ordered, adjudged, and decreed that the cause be, and the same is hereby, referred, by the consent of the attorneys for the plaintiff and the defendant, to Edward Scharnikow, an

attorney of this bar, to examine the accounts of the co-partnership heretofore existing between plaintiff and defendant from the commencement of said co-partnership up to the present date.''

After ordering the parties to deliver their books and papers to said referee, and authorizing him to take the testimony of witnesses offered by said parties, the order continues : ''And the said referee, after hearing and considering all the evidence, shall thereafter, on or before the 1st day of October, A. D. 1894, make up an account stated between the said parties plaintiff and defendant, and shall on or before said 1st day of October, A. D. 1894, report the same to this court, with his findings thereon.''

The referee made an elaborate report of the transactions between the parties in the conduct of their partnership business, and made a large number of findings of fact, and reported a number of conclusions of law. After allowing the plaintiff wages for personally conducting the business of the firm from the time it commenced until it was dissolved, the referee finds that after January, 1888, no credit for wages is made until some time after the dissolution of the partnership, in January, 1894. The referee allowed the accounts for wages during the continuance of the partnership on the ground that the plaintiff had taken the credit therefor on the books of the firm, which were open to the inspection of the defendant, and on the further ground that the defendant had never objected to the allowance. The referee found that on the 31st day of January, 1891, after the dissolution of the partnership, the plaintiff in one item credited his account with $3,240 for wages, and that said credit was an overcharge of $670.

Among other things the referee found that the defendant had advanced about $90,000 cash to the firm, to enable it to carry on its business; and in relation to allowing the plaintiff wages in the absence of a contract therefor, and as a reason for allowing the defendant interest on the sum of money which he had advanced to the firm, the referee said : ''Before making this allowance for wages, I have applied the old maxim that

'he who seeks equity must do equity,' and therefore have al-
lowed to the defendant interest upon advances made by him to
the firm.    It would be manifestly unfair and inequitable to
allow plaintiff wages under the circumstances, and not allow
the defendant interest upon money advanced by him to the
firm, which was necessary to carry on its business.''    The
amount of interest allowed the defendant by the referee was
$2,709.80.

According to the account stated and returned to the court
by the referee, the plaintiff was shown to be indebted to the
defendant in the sum of $1,045.

After the account and report, with the evidence. were filed
in the court, the defendant moved the court for judgment on
the report, and also moved the court to correct and amend
the report by striking out the allowances made to the plaintiff
by the referee for wages.    The plaintiff also filed his objec-
tion to the report, and asked the court to correct the referee's
findings of fact and conclusions of law by disallowing the
$2,709.80, which was allowed the defendant as interest, and
also asked the court to correct the report and findings of the
referee in other respects.

These several motions coming on for hearing before the
court, the court sustained the motion of the plaintiff as to dis-
allowing the credit of interest to the defendant.    The court
also allowed the motion of the defendant, and struck out of
the amount of credit allowed the plaintiff for wages the sum
of $2,570, and, overruling all other points, entered judgment
in favor of the defendant for $975.50.   The plaintiff appeals
from the judgment.

*Durfee & Brown* and *Smith & Word,* for Appellants.

*Sanders & Sanders* and *Rodgers & Rodgers,* for Respondent.

PEMBERTON, C. J.—The appellant contends that the whole
issue—in other words, the whole case—was referred to the
referee for determination, and that, as the whole issue was
submitted by order of reference to the referee, the findings of

the referee became the findings of the court, and that the court could not modify or correct the report of the referee except on a motion for a new trial. In other words, that the court was bound to enter judgment in accordance with the findings of the referee, and could only disapprove, correct, or modify the same on a motion for new trial after judgment. The appellant relies upon Section 288, First Division, Compiled Statutes 1887 (in force when this case was commenced), and Section 1140, Code of Civil Procedure 1895, to support his contention. These sections are practically the same in effect.

But we think counsel for the appellant are not supported in their view of this question by the terms of the order of reference. Their premise is wrong. The terms of the order of reference determine the scope of the referee's authority. 20 Am. & Eng. Enc. Law, p. 682, and authorities cited in note. By the terms of the order he was authorized to ''make up an account stated between the said parties,'' and report the same with his findings thereon to the court. There is evidently a clerical error in the order in the use of the terms ''make up an account stated.'' The referee could not ''make up an account stated between the parties.'' The parties themselves only could do this. But the referee could state an account between the parties. This is beyond question what he was appointed and authorized to do,—nothing more, nothing less. He was given no authority to try and determine the whole issue or case. He was not clothed with the powers of a tribunal to that extent by the terms of the order of reference. His duties were those of an accountant, with power to examine the books, papers, and transactions of the firm, hear testimony, and report the same; that is the account which he is authorized to state, between the parties to the court, with his findings thereon. Under the terms of the order of reference, the findings which the referee was authorized to make to the court could only be advisory.

Under the circumstances, we see no error in the action of the trial court, and the judgment is therefore affirmed.

*Affirmed.*

HUNT and BUCK, JJ., concur.