CHRISTIANSEN, RESPONDENT, *v.* ALDRICH ET AL., APPELLANTS.

(No. 1,857.)

(Submitted April 19, 1904.   Decided May 28, 1904.)

*Specific Performance—Complaint—Adequate Remedy at Law —Tender—Amendment — Appeal—Technical Objections— Harmless Error.*

1.  Where a complaint alleged breach of a contract to convey land described therein, it was sufficient to raise the presumption that pecuniary compensation would not afford adequate relief, within Civil Code, Section 4410, Subd. 2, though there was no allegation of special circumstances showing that plaintiff had no adequate remedy at law.
2.  In an action for specific performance of a contract to convey land, it was not necessary that the complaint should allege that defendants were the owners of the land at the time the contract was made, since, if defendants were not the owners, or had placed themselves in such a position that they could not perform their contract, such facts were matters of defense.
3.  In a suit for specific performance, an answer alleging that, since the contract was made, defendants had conveyed the land in controversy to another, constituted an admission that defendants were the owners of the land at the time the contract was made.
4.  Under Code of Civil Procedure, Section 778, a technical objection to a complaint in a suit for specific performance not affecting the substantial rights of the parties is not available after judgment.
5.  Where, in a suit for specific performance, it was alleged that defendants had withdrawn the deed from escrow, and it appeared that a tender of the balance of the price would not have been accepted and would have been of no avail, and plaintiff tendered the money in court, paid the same to the clerk, and demanded a deed, defendants having removed from the state and being absent at the time plaintiff desired to make payment, it was no objection that the complaint failed to allege a tender of the balance of the price before suit brought.

6.  Where, in a suit for specific performance, defendant admitted the making of the contract, and relied on a defense other than the statute of frauds to defeat the action, such statute was not available as a defense unless specially pleaded.

7.′  Where, in a suit for specific performance, plaintiff pleaded a breach of the contract, and alleged that plaintiff had failed to perform within the time prescribed, whereupon defendant had sold the land to W., but did not allege whether the sale to W. was before or after the commencement of the action, nor state any facts with reference to the consideration paid by W., and his notice of plaintiff's equity, the answer did not set up sufficient new matter to require replication.

8.  In a suit for specific performance, plaintiff, pending a motion for judgment on the pleadings, applied for leave to amend the complaint by adding an allegation of tender of the unpaid purchase price, and a demand for a deed, and by making an allegation of readiness and willingness to perform more specific. *Held,* that the application was properly granted, defendants having declined the court's offer to postpone the hearing to the next term.

9.  Where, after a trial amendment, the case proceeded and was ,tried upon the issues formed by the amended complaint and answer, and it appeared that defendants were afforded every opportunity to present their entire case, the fact that the amendment was not. formally incorporated in the complaint was not reversible error.

*Appeal from District Court, Chouteau County; John W. Tattan, Judge.*

ACTION by Charles Christiansen against William G. Aldrich and another. From a decree in favor of plaintiff, and from an order denying a motion for a new trial, defendants appeal. Affirmed.

STATEMENT OF THE CASE.

This action was brought to enforce specific performance of a contract to convey certain real and personal property, consisting of farm lands in Chouteau county, and shares of the capital stock in an irrigation company. The complaint alleges, in substance, that under the terms of the contract which was entered into by the plaintiff and defendants on October 14, 1899, the plaintiff was to pay for the property the sum of $3,200—$1,100 upon that date, and the balance within a reasonable time—and defendants were to execute a deed and put it in escrow in the Stockmen's National Bank at Fort Benton, Montana, to be delivered to the plaintiff upon his payment of the balance of the purchase price to the bank; that the cash installment was paid and the deed executed and deposited in ac-

cordance with the terms of the agreement; that an error was made in the deed with reference to a certain water right used upon the land, and that on or about October 24, 1899, it was withdrawn from deposit for correction; that it was corrected, but that the defendants obtained possession of it, and never returned it to the depositary; that defendants have refused to convey the property; and that the plaintiff stands ready and willing to perform his part of the contract and make final payment whenever a deed is tendered him or deposited with the bank according to the agreement.

The defendants admit the making of the contract as alleged in the complaint, except that it is averred that the deferred payment was to be made within seven days after the deposit of the deed. It is admitted that the cash installment was paid, and that the deed was withdrawn from deposit for the purpose of correction; but it is alleged that it was thereupon returned to the bank, and remained there until after the expiration of the time allowed for payment, and after repeated, though fruitless, demands made upon the plaintiff for payment under the terms of the agreement, whereupon it was withdrawn. It is further alleged that about the middle of July, 1900, the defendants sold and conveyed the property to one Winters, who at once entered into the possession of it, and has been the owner of it and in possession since the conveyance was made to him.

There are in the pleadings allegations of both plaintiff and defendants of damages sustained by them, respectively, by failure on the part of the other to observe the terms of the contract; but the issues thus presented were mutually abandoned, and it is not necessary to notice them.

The plaintiff's replication does not either generally or specifically deny that the terms of the contract were as alleged in the answer.

The action was commenced and a notice of *lis pendens* filed under the statute of July 9, 1900. The cause came on for trial on these pleadings on May 31, 1901. The defendants moved for judgment on the pleadings. The grounds of the motion

are not stated, but we gather from the briefs of counsel that they were that the complaint does not state a cause of action, and that substantial new matters of defense alleged in the answer are not denied in the replication. Pending the motion, counsel for plaintiff asked leave, and were permitted, over objection of defendants, to amend the complaint by inserting therein the following: "That the plaintiff is now and since April 1, 1900, has been ready, anxious and willing to pay to the defendants the said balance sum due on the purchase price of said lands, and now to the defendants tenders said sum, to-wit, $2,100, and pays the same into court for the use of the defendants, and the plaintiff now demands the execution and delivery of said deed." Counsel then tendered to defendants and paid to the clerk the balance of the purchase price. The motion for judgment was then denied. Counsel for defendants then moved for a continuance on the ground that they were not ready to meet the allegations contained in the amendment. The court, after stating that the hearing would be continued upon a showing of surprise by defendants, and counsel having declined to make such showing, denied the motion. Counsel then asked that they be allowed the statutory time in which to file amended answer after service of the amendment. This motion was also denied, the court stating that, if counsel desired, the hearing would be postponed for twenty-four hours. The court further stated that it was of the opinion that the amendment to the complaint was already sufficiently met by the allegations and denials of the answer. Thereupon objection was made to the introduction of evidence on the ground that the amended complaint failed to state a cause of action. This objection was overruled. The trial was then had, resulting in findings and a judgment in favor of the plaintiff, requiring the conveyance to be executed and delivered to plaintiff; omitting, however, the shares of stock, any claim to which plaintiff expressly waived. From the judgment and an order denying their motion for a new trial, the defendants have appealed.

The grounds of the appeals are that the rulings referred to, with certain others upon the admissibility of evidence, were

prejudicial to the defendants; that the judgment is not sustained by the pleadings; and that the findings are not sustained by the evidence.

*Messrs. Downing & Stephenson,* for Appellants.

Under the statutes of this state, and the general law on the subject, plaintiff has failed to state a case in his complaint. (Civil Code, Secs. 4410, 4418, 4417; *Wickham* v. *Barker,* 82 Cal. 46; *Clary* v. *Folger,* 84 Cal. 316; *Mayger* v. *Cruse,* 5 Mont. 497; *Wolf* v. *Great Falls, etc. Co.,* 15 Mont. 62; *Henderson* v. *Hicks,* 58 Cal. 364; Am. Dec. Vol. 54, page 132 and note; *Williams* v. *Marshall,* 19 Cal. 448; *Goodale* v. *West,* 5 Cal. 339; *Kinkead* v. *Shreve,* 17 Cal. 275; *Gray* v. *Daugherty,* 25 Cal. 279; *Doyle* v. *Teas,* 5 Ill. 202; *Bradford* v. *Foster,* 87 Tenn. 4; *Englander* v. *Rogers,* 41 Cal. 230; *Senter* v. *Davis,* 38 Cal. 450.)

The evidence introduced by the plaintiff does not show sufficient facts to sustain his complaint or authorize the court to grant the relief asked. (*Wolf* v. *Great Falls, etc. Co.,* 15 Mont. 62; Civil Code, Sec. 2342; *Ducie* v. *Ford,* 8 Mont. 240; *Jenkins* v. *Harrison,* 66 Ala. 345; 21 Am. Rep. 245; 36 Am. Dec. 87; 54 N. E. 1019, 181 Ill. 633; *Forrester* v. *Flores,* 64 Cal. 24.)

*Mr. W. B. Sands,* and *Mr. George H. Stanton,* for Respondent.

MR. CHIEF JUSTICE BRANTLY, after stating the case, delivered the opinion of the court.

1. It is argued that the complaint does not state a case for specific performance, within the purview of Section 4410 of the Civil Code. In this we think counsel are in error. It is true, the facts and circumstances stated do not bring it within the provisions of subdivisions 1, 3 and 4 of this section; but the allegation of a breach of the contract to convey the land

described is itself sufficient to raise the presumption that pecuniary compensation would not afford adequate relief. This brings the case within subdivision 2 of the section. It is not necessary for the plaintiff to allege special circumstances showing that he has no adequate remedy at law. (*Ide* v. *Leiser,* 10 Mont. 5, 24 Pac. 695, 24 Am. St. Rep. 17; *Baumann* v. *Pinckney,* 118 N. Y. 604, 23 N. E. 916; Pomeroy, Equity Jurisprudence, Secs. 221, 1402; Civil Code, Sec. 4413.) Whether specific performance of a contract to purchase land will be compelled in the particular case depends upon the circumstances, and the relief will be granted or withheld, in the discretion of the court, though the plaintiff may have another remedy at law. (*Baumann* v. *Pinckney, supra; Brown* v. *Haff,* 5 Paige, 235, 28 Am. Dec. 425.)

It is argued that the complaint is defective in failing to allege that the defendants were the owners of the land in controversy at the time the contract was made. If it be a fact that the defendants entered into a contract which they could not perform, or that, since it was made, they have placed themselves in such a position that they cannot perform it, this is a matter of defense, and the duty to allege and prove it devolves upon them. (*Ide* v. *Leiser,* 10 Mont. 5, 24 Pac. 695, 24 Am. St. Rep. 17; *Greenfield* v. *Carlton,* 30 Ark. 547; Waterman on Specific Performance, 89.) Conceding, however, that it should appear from the complaint that the defendants were the owners at the time the contract was made, and that the complaint is defective in failing to allege this fact, the answer of defendants aids the complaint by the allegation that since the contract was made the defendants have sold and conveyed the land in controversy to one Winter, who is now the owner and in possession of it, and has been since the said conveyance was made to him. This allegation carries with it the admission that the defendants were the owners at the time the contract was made, and thus cures the defect in the complaint. (*Lynch* v. *Bechtel,* 19 Mont. 548, 48 Pac. 1112.) Though the complaint might have been held bad on demurrer, yet, this admission being made, and

the court having found for the plaintiff and entered a decree in his favor, the defendants may not be heard to urge on appeal that the complaint is fatally defective. (*Hershfield & Bro.* v. *Aiken,* 3 Mont. 442; *Duignan* v. *Montana Club,* 16 Mont. 189, 40 Pac. 294; *Murphy* v. *Phelps,* 12 Mont. 531, 31 Pac. 64; *Northrop* v. *Boone,* 66 Ill. 368.) At best, the objection is technical, and does not affect the substantial rights of the parties. It must therefore be disregarded, as falling within the spirit of Section 778 of the Code of Civil Procedure.

It is said that the complaint is defective for failing to show a tender of the balance of the purchase money before the action was brought. It is undoubtedly the general rule that, if a part of the purchase price is still due and payable, the plaintiff seeking to have the conveyance compelled must allege and prove a tender of it, and bring it into court. But the rule is not invariable. An exception to it is where it is apparent from the pleading that a tender would be useless. "Where the vendor claims to have rescinded, repudiates and denies the obligation of the contract, placing himself in such a position that it appears that, if the tender were made, its acceptance would be refused, then no tender need be made by the vendee. * * * In such case it is enough if the plaintiff offer by his bill to bring in the money when the amount is liquidated and he has his decree for performance." (*Brock* v. *Hidy,* 13 Ohio St. 306. See, also, *Deichmann* v. *Deichmann,* 49 Mo. 107; *Crary* v. *Smith,* 2 N. Y. 60; *Hunter* v. *Daniel,* 4 Hare's Eq. 420; 20 Ency. Pl. & Pr. 455; *Tobin* v. *Larkin,* 183 Mass. 389, 67 N. E. 340.)

The complaint alleges that the defendants violated their contract by withdrawing the deed from the bank and refusing to make the conveyance. It is clear from this statement that a tender would have been useless. The bank was authorized to hold the deed subject to the order of the defendants upon payment of the balance of the purchase price. Plaintiff could make the tender to the bank only. When the deed was withdrawn, the bank was no longer authorized to receive payment, nor was

there any other person authorized to receive it under the terms of the contract. A tender to the bank, therefore, would have been a mere form, and of no avail. The plaintiff was not bound to hunt up the defendants and tender it to them. Furthermore, the plaintiff tendered the money in court, paid it to the clerk, and demanded the deed. He thus submitted himself to the court for all purposes in the case. (*Hunter* v. *Daniel, supra.*) Under the circumstances, this is sufficient—especially so, since it appears from the evidence that the defendants had removed from the state, and were absent at the time when plaintiff desired to make the payment.

2. Again, it is urged that the contract is void under Section 2342 of the Civil Code, which declares "that no agreement for the sale of real property or any interest therein is valid, unless the same, or some note or memorandum thereof, be in writing and subscribed by the party to be charged, or his agent thereunto authorized in writing."

The defendants in their answer admit the making of the contract, but rely upon the defense that the plaintiff breached it on his part by his failure to pay the balance of the purchase price within seven days, the time in which they allege payment should have been made; and, as a counterclaim, they allege damages for this breach, and ask judgment for the amount alleged. The statute is not pleaded, and, so far as the record shows, the defendants did not in the district court rely upon it. They cannot now avail themselves of this defense. The rule prevails in this state that, where the making of the contract alleged in the complaint is put in issue by the answer, the defendant may avail himself of the statute without pleading it. (*Ryan* v. *Dunphy,* 4 Mont. 342, 1 Pac. 710; *Sweetland* v. *Barrett,* 4 Mont. 217, 1 Pac. 745; Code of Civil Procedure, Secs. 3270, 3274.) A different rule applies, however, when the making of the contract is admitted, as in this case, and other defenses are relied upon to defeat the action. In such case the statute is not available unless specially pleaded. (*Maybee* v. *Moore,* 90 Mo. 340, 2 S. W. 471; *Iverson* v. *Cirkel,* 56 Minn. 299, 57 N. W. 800;

*Connor* v. *Hingten,* 19 Neb. 472, 27 N. W. 443; *Barrett* v. *Mc-Allister,* 33 W. Va. 738, 11 S. E. 220; *Duffy* v. *O'Donovan,* 46 N. Y. 223; *Cozine* v. *Graham,* 2 Paige, 177.) It is therefore not necessary to consider whether the contract is within its terms.

3. The next point urged is that the court should have granted the defendants' motion for judgment on the pleadings, because new matter set up in the answer was not put in issue by the replication. This point is disposed of by the remark that nothing alleged in the answer, except the counterclaim for damages for breach of the contract, required a replication. As noted in the statement of facts, this feature of the case was by stipulation abandoned at the hearing. The allegations of the answer, except in one particular, amounted to no more than an issue upon the averments in the complaint. With reference to this feature of it—the alleged sale to Winter—it may be said that the allegations are not sufficient to state a defense, in that it does not appear therefrom whether the sale was made before or after the commencement of the action, nor what were the facts as to consideration paid by Winter, and his notice of plaintiff's equity. If it was made before the commencement of the action, the defendants could not perform the contract. If made after that time, and the filing of a notice of *lis pendens* by the plaintiff, it would not affect plaintiff's rights, nor aid the defendants. To avoid the merits of the action, therefore, the allegations should be specific in their statements, so as to inform the court what were the facts, and it could know whether it might properly deny the relief demanded. The court properly overruled the motion for judgment.

4. Error is alleged upon the action of the court in permitting the amendment to the complaint pending defendants' motion for judgment on the pleadings, and then denying defendants' motion for a continuance. The amendment was properly allowed. The only substantial addition made by it to the complaint was the tender of the unpaid purchase price and the demand for the deed; otherwise its effect was to render more spe-

cific the allegation of the readiness and willingness on the part of the plaintiff to perform the contract on his part. It does not appear from the record that the defendants were not able to meet the allegations contained in the amendment, or that they were put to a disadvantage by it. Indeed, it appears, on the contrary, that they were fully prepared to try the case on its merits. The court offered to postpone the hearing until the next term, if the defendants would make it manifest that they were not ready to proceed with the trial. This they, through their counsel, declined to do. If the trial had proceeded without the amendment, until the proofs were all in, and an application had been made to amend, the court should have allowed it, so as to make the pleadings conform to the proof.

Counsel insist that the amendment should have been formally incorporated in the complaint, that they should have been served with a copy, and that they should have been allowed the statutory time of twenty days in which to file an amended answer. It is true that the amendment should have been incorporated in the complaint. Yet the trial proceeded as if such had been the case, upon the issues framed by the amended complaint and the answer, which put them in issue. The trial was upon the merits, with full opportunity, so far as the record shows, for the defendants to present all the evidence they had touching the controversy. Such being the case, the judgment should not be reversed now upon the purely technical irregularity in the proceedings of the court with reference to the amendment. (Code of Civil Procedure, Sec. 778.)

5. As to the point that the evidence does not justify the findings, we are of the opinion that it is amply sufficient. The only controversy in the case arose upon the question whether the plaintiff was to make the payment within a reasonable time, as alleged by the plaintiff, or strictly within the seven days, as alleged by the defendants. In support of his position the testimony of the plaintiff is clear and explicit, while the behavior of the defendants manifests that they did not regard the obli-

gation of the plaintiff other than as he alleged it to be. The findings of the district court will therefore not be disturbed.

Other errors are assigned, but they are not noticed in the briefs. We therefore do not notice them.

The record shows that the contract was fair and just, and equal in all its parts; that, though the proceedings of the court were somewhat irregular, the cause was tried upon the merits; that the findings of the court are full upon all the issues involved; and that the evidence fully sustains the findings. The judgment and order are therefore affirmed.

*Affirmed.*