MITCHELL, RESPONDENT, *v.* HENDERSON, APPELLANT.

(No. 2,545.)

(Submitted October 9, 1908.   Decided November 5, 1908.)

[97 Pac. 942.]

*Landlord   and   Tenant—Leases—Inapplicable   Instructions— Parol   Contracts—Defenses—Statute of Frauds.*

Landlord and Tenant—Leases—Pleadings—Evidence—Instructions—Inapplicability.
   1. Where, in an action for the breach of a contract of lease, the complaint of the lessee alleged that the lessor had failed to repair the dwelling-house in question within the time stipulated, but did not state that the premises were not in a condition fit for occupation by human beings, and plaintiff's evidence did not show such a condition, the giving of an instruction that if the premises were not fit for human habitation at the time the lease was made or before the lessee was to take possession, the time for which rent was payable would commence on the completion of the repairs, was unwarranted.

Same—Leases—Payment of Rent—Default—Nonsuit.
   2. Plaintiff entered into a contract of lease with defendant, whereby she agreed to pay a stipulated rental for a dwelling-house, defendant to make certain repairs, rent to commence on March 1, 1906, payable at the end of each month. According to plaintiff's own testimony she did not pay the March rent as agreed, but on April 7th tendered only one-half of the amount due for that month and the whole of the April rent, claiming that the premises were not ready for occupancy until about March 10th. *Held,* that defendant had the right to treat the contract as rescinded, and that a motion for a nonsuit should have been granted.

Same—Leases—Statute of Frauds—Defense—When not Available.
   3. Where, in an action for the breach of an oral contract of lease, defendant lessor admitted the making of the contract and relied on a defense other than the statute of frauds, he could not avail himself of such statute as a defense. In such case, the statute to be available, must be specially pleaded.

Same—Leases—Oral Agreement—Statute of Frauds.
   4. *Obiter:* A verbal agreement for a lease, made on February 7, 1906, for the term of one year from March 1st of that year, is void

under section 5017, Revised Codes, which provides that an agreement which by its terms is not to be performed within one year from the making thereof, is invalid, unless the same or some note or memorandum thereof be in writing and subscribed by the party to be charged or his agent.

*Appeal from District Court, Gallatin County; W. R. C. Stewart, Judge.*

ACTION by C. A. Mitchell against S. J. V. B. Henderson. From a judgment for plaintiff, and from an order denying him a new trial, defendant appeals. Reversed and remanded.

*Mr. John A. Luce,* for Appellant.

No appearance for Respondent.

MR. JUSTICE SMITH delivered the opinion of the court.

The plaintiff began this action in the district court of Gallatin county, and alleged in her complaint as follows: "That the defendant is the owner in fee of those certain premises known as No. 413 East Cottonwood street, in the city of Bozeman; that on or about February 7, 1906, the defendant agreed to make certain repairs to said premises, and to have the same completed by March 1, 1906, and on that date to lease said premises to plaintiff at a rental of $7 per month; that defendant did not have said premises repaired and ready for the occupancy of the plaintiff according to their agreement until after March 10, 1906; that plaintiff, relying upon her agreement with defendant, incurred great expense in preparing to occupy the said premises, in packing her furniture, loading it into a railroad car and unloading it therefrom, in hiring assistants to pack said furniture, in loss of business because of her announced intention to move, and in loss of business because of her preparation to move, and in payment of extra rent, to the damage of the plaintiff in the sum of $196; that plaintiff has at all times been willing and ready to carry out the terms of her agreement with defendant and has tendered performance thereof; that, after plaintiff had

made all preparations to occupy the said premises as aforesaid, the defendant refused and now refuses to carry out the terms of his said agreement with plaintiff, and by reason of such refusal the plaintiff has been damaged in the sum of $300.'' Judgment was demanded for $300 and costs of suit.

The defendant in his answer admitted that on or about the seventh day of February, 1906, he agreed to make certain repairs upon said premises, and to have the same completed on or about the sixth day of March, 1906, and then alleged that he agreed to lease the premises to the plaintiff at a monthly rental of $7 per month, rent to commence on the first day of March, 1906, and to be paid in advance from month to month. He further alleged that he made said repairs as agreed, and averred that plaintiff about the first day of April, 1906, refused to carry out her part of said agreement or to pay the rent as stipulated from the first day of March, 1906, whereupon he, the defendant, notified plaintiff that he would not lease said premises to her, and on or about April 6, 1906, he leased the same to another tenant. Then followed denials of plaintiff's allegations relating to the damage sustained by her.

Plaintiff for reply denied that she ever agreed to pay rent in advance, or that she agreed to pay rent from the first day of March, 1906, and averred that she agreed to pay rent from the time defendant had the promised repairs made and completed, and that such time was not before the tenth day of March, 1906.

The plaintiff testified, among other matters, as follows: ''I made an agreement with Mr. Henderson on February 7, 1906, by which I agreed to pay him the rent of $7 per month as long as I wanted the building from the first day of March, if he would put the building in shape, and he promised to do so. He wanted to know how long I wanted to live there, and, if I wanted to live there only a month or two, he would not fix it up. I told him I would take it for at least a year. The real agreement between us was that I was to lease this house for at least a year, and he would not fix it up unless I would agree to that, because he could rent it as it was, and he did not want to

incur any expense for anybody to move in the house for a month. I considered it a lease for a year, and not from month to month." Plaintiff's testimony further shows that she began to pack. up and get ready to move some time during the month of March, but that she was unable to move from Belgrade, in Gallatin county, to the city of Bozeman before April 8th, for the reason that a blizzard prevailed in that section of the country for two weeks after she got packed up, and she was unable to get a railway car for her goods before that date. She paid no rent until April 7th, upon which date she sent to the defendant the sum of $10.50, one-half of the rent for the month of March and all of the rent for April. This money was returned, for the reason that at that time the defendant had leased the premises to another party. There is no testimony that the neglect of the defendant to make the repairs had anything to do with plaintiff's failure to move or the damages she claims to have sustained. She assigns an entirely different reason for not moving in March.

We regret that we have not had the assistance of any brief or oral argument on the part of the respondent. In behalf of the appellant, it is contended that there is a fatal variance between the allegations of the complaint and the proof, in that the complaint sets forth an agreement to give a lease, and the proof shows that an actual lease was made. We do not regard this point as material in view of the conclusion we reach upon other points in the case. We are inclined to the opinion, however, that, reading the complaint in the light of the circumstances surrounding the transaction as disclosed by the testimony, the agreement constituted a lease for one year from March 1, 1906, rent payable at the end of each month. We are satisfied from plaintiff's testimony and an inspection of the pleadings that the understanding between the parties was that the rent should be payable monthly, but not in advance.

At the conclusion of plaintiff's testimony the defendant moved to strike out the whole of the same, for the reason, among others, "that the agreement as testified to by the plaintiff was an agree-

ment for a lease of real estate for more than the space of one year, and that the said agreement nor any memorandum thereof was ever made or entered into in writing, or signed by the parties thereto, or either of them, or their agent therefor legally authorized, and that the said contract is therefore void and unenforceable." The court overruled this motion. At the conclusion of all the testimony for the plaintiff the defendant interposed a motion for a nonsuit, setting forth as reasons why the same should be granted, among others, the one just quoted, and also "that the testimony of the plaintiff shows that she herself was in default in the payment of the rent as stipulated at the time the alleged damages are alleged to have accrued." This motion was also overruled.

We will first consider the second point of the motion for a nonsuit. The court gave the jury the following instruction: "The court instructs the jury that the lessor of a building intended for the occupation of human beings must, in the absence of an agreement to the contrary, put it in condition for such occupation; and, if the lessor agrees to repair before the commencement of the term, the making of such repairs is a condition precedent to the payment of rent, and if you believe from the evidence in this case that the premises testified about were not in condition for the occupation of human beings, at the time the lease was made, or that the defendant agreed to make repairs to said building before the plaintiff was to take possession, then the time for which rent was payable commenced at the time of the completion of said repairs, and not before, in the absence of an agreement to the contrary."

Section 5226, Revised Codes (Civil Code 1895, sec. 2620), reads as follows: "The lessor of a building intended for the occupation of human beings must, in the absence of an agreement to the contrary, put it into condition fit for such occupation, and repair all subsequent dilapidations thereof, which render it untenantable, except such as are mentioned in section 5219." Section 5219 (Civil Code 1895, sec. 2604) declares that "the hirer of a thing must repair all deteriorations or injuries

thereto occasioned by his ordinary negligence." The reason for giving the above instruction undoubtedly was to furnish the jury with a rule of law which might be applied by them in such a way as to excuse the plaintiff from paying the rent for the month of March. The error in giving the instruction lies in the fact that it is inapplicable to this case, for the reason that there is no allegation in the complaint to the effect that the premises were not in a condition fit for occupation by human beings, and plaintiff nowhere makes that excuse in her testimony. The allegation of the complaint is that "the defendant failed to have said premises repaired and ready for the occupancy of the plaintiff, according to their agreement, until after March 10, 1906." So that, in our judgment, in the light of plaintiff's own testimony, she was in default in not paying the March rent, and the defendant had the right to treat the contract as rescinded. The motion for a nonsuit should have been granted.

Recurring, however, to the first point raised in the motion to strike out the testimony of the plaintiff, and also in the motion for a nonsuit, it is the settled law in this state that, where the making of the contract alleged in the complaint is put in issue by the answer, the defendant may avail himself of the statute of frauds without pleading it. But a different rule applies when the making of the contract is admitted and other defenses are relied upon to defeat the action. In such case the statute is not available unless specially pleaded. (*Christiansen* v. *Aldrich*, 30 Mont. 446, 453, 76 Pac. 1007.) There was no error in the ruling on this point.

It may be that this contract as shown by the proof falls within the first paragraph of section 5017, Revised Codes (Civ. Code, 1895, sec. 2185), which reads as follows: "The following contracts are invalid, unless the same, or some note or memorandum thereof, be in writing and subscribed by the party to be charged, or his agent: (1) An agreement that by its terms is not to be performed within a year from the making thereof." (Browne on the Statute of Frauds, sec. 282; Wood on the Statute of Frauds, sec. 269; *Comstock* v. *Ward*, 22 Ill. 248; *Wilson* v.

*Martin,* 1 Denio (N. Y.), 602; *Crommelin* v. *Thiess,* 31 Ala. 412, 70 Am. Dec. 499; *Herrin* v. *Butters,* 20 Me. 119; *Crawford* v. *Jones,* 54 Ala. 459; *Martin* v. *Blanchett,* 77 Ala. 288; *Atwood* v. *Norton,* 31 Ga. 507.)    As this statute is not pleaded, however, it is unnecessary to decide the point directly.

Finally, it is urged by the defendant that it was error in the court to receive testimony as to the damages alleged to have been sustained by the plaintiff, because the averments of the complaint are insufficient to warrant proof of special damages. Having decided that the plaintiff can have no recovery upon the case made by her in the court below, it becomes unnecessary to discuss this question of pleading.

The result of the trial in Gallatin county was that the plaintiff had a verdict for $196, upon which judgment was entered, and the court afterward refused the defendant a new trial. For the reasons hereinbefore stated, the order and judgment must be reversed and a new trial granted.    It is so ordered.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY, concur.