IVINS, RESPONDENT, v. HARDY, APPELLANT.

No. 8889
Submitted February 1, 1950. Decided April 3, 1950.
Rehearing Denied May 2, 1950.
217 Pac. (2d) 204

Mr. George W.. Farr, Miles City, Mr. Roland V. Colgrove, Miles City, Messrs. Dougherty and Larson, Helena, for appellant.

Mr. W. B. Leavitt, Miles City, Mr. Chester E. Onstad, Broadus, Mr. J. E. Porter, Crawford, Nebraska, for respondent.

MR. JUSTICE FREEBOURN:

This appeal comes from the district court of the sixteenth judicial district of the state of Montana, in and for the county of Custer, the Hon. S. D. McKinnon, district judge presiding.

R. L. Ivins, plaintiff and respondent, on February 28, 1945,

filed his amended complaint herein alleging that he and Robert F. Hardy, defendant and appellant, on September 20, 1939, entered into an oral partnership agreement to purchase, and did purchase, from Arthur McIntosh, trustee, ranch lands in Custer and Powder River counties, known as the "L O Ranch," "East Ash Creek Ranch" and the "Gibbs Ranch," for $117,094.91, payable in installments, and to lease and purchase additional lands adjoining such McIntosh lands in order to block their holdings into compact units; such leases and purchases of additional lands to be made by defendant for the mutual and joint benefit of both parties; that defendant was to manage a joint ranch operation on the lands while at the same time each of the parties engaged in individual ranch operations on such lands. The complaint alleged performance of such agreement along with many other matters of a detailed nature. It asserted defendant had failed to carry out his obligation and asked the court to dissolve the joint partnership operation; order an accounting; sell all the property, pay the debts and divide any surplus remaining between the parties.

Issues were made by answer and reply and the cause was tried by the lower court sitting without a jury. Findings of fact and conclusions of law were made and an interlocutory decree entered. By this decree the lower court found the parties were joint adventurers, ordered the venture dissolved, directed an accounting be had and the property, real and personal, sold. From this interlocutory decree defendant appealed. That appeal was decided by this court on April 15, 1947, in Ivins v. Hardy, 120 Mont. 35, 179 Pac. (2d) 745, 749.

Upon the return of the cause to the lower court, such court appointed three referees who made an accounting. The report of the referees being filed, the lower court made findings of fact and conclusions of law, and entered a decree in favor of plaintiff, which included a money judgment for $24,009.72. From this decree and judgment defendant appeals.

Appellant raises the question: Was the purchase by Hardy

██ of additional lands adjoining the McIntosh lands a part of the joint adventure?

This court in the first appeal, Ivins v. Hardy, supra, settled that question by announcing the evidence sufficient to show a joint adventure existed to purchase additional lands for the mutual and joint benefit of the parties. We held the accounting to be taken should so show and "plaintiff should receive the benefit thereof and be charged with his share of the purchase price."

This pronouncement became the law of the case and must be adhered to throughout subsequent proceedings both in the trial court and upon subsequent appeal. Carlson v. Northern Pac. Ry. Co., 86 Mont. 78, 281 Pac. 913; Anderson v. Border, 87 Mont. 4, 285 Pac. 174; Apple v. Edwards, Mont., 211 Pac. (2d) 138.

The transcript before us of 817 pages shows Hardy did purchase such additional lands. The referees' report so finds, describing such lands. The trial court found such lands were purchased and held they were the joint property of Ivins and Hardy.

The second question involves the Statute of Frauds. Defendant ██ denied that there was an agreement to lease and purchase additional lands for the mutual and joint benefit of the parties. Such denial gave him the right to contend, and he does contend, that such agreement, if made, was void because neither the agreement nor any note or memorandum thereof was in writing. Christiansen v. Aldrich, 30 Mont. 446, 76 Pac. 1007; Mitchell v. Henderson, 37 Mont. 515, 97 Pac. 942; Bauer v. Monroe, 117 Mont. 306, 158 Pac. (2d) 485.

Both parties had performed and were performing their part ██ of the oral agreement to buy the ranch properties, of which the agreement to buy additional lands was a part. Defendant had purchased the additional lands and all that remained to be done was to deed plaintiff's interest to him.

It would be a fraud to permit defendant to retain plaintiff's interest in such lands. That such agreement or some note or memorandum thereof was not in writing is not a defense here.

McIntyre v. Dawes, 71 Mont. 367, 229 Pac. 846; Eccles v. Kendrick, 80 Mont. 120, 259 Pac. 609.

This is in keeping with R. C. M. 1947, sec. 74-203, providing: "No agreement for the sale of real property, or of any interest therein, is valid, unless the same, or some note or memorandum thereof, be in writing, and subscribed by the party to be charged. or his agent, thereunto authorized, in writing; *but this does not abridge the power of any court to compel the specific performance of any agreement for the sale of real property in case of part performance thereof.*" (Emphasis supplied.)

Appellant also questions the sufficiency of the referees' report and findings. The trial court by order on October 17. 1947, referred the accounting to three referees with comprehensive directions on how and what to do. The referees conducted hearings at which each party was permitted to produce witnesses. examine and cross-examine, offer evidence, make objections and have all rights as if in a trial before the district court, all of the proceedings being taken down by a court reporter.

The referees spent 66 days in completing their work. Their report consists of 70 pages, being an original exhibit certified to this court.

The trial court found, and correctly so as shown by the transcript that "the report of the referees * * * is in substantial compliance with the order of reference made and entered * * * and with the instructions contained therein," and that "any failure of the referees to comply fully with the instructions, or any of them, is due to the failure of the defendant to have proper records and evidence of his management and operation of the lands under the joint adventure * * *" and that "as disclosed by the evidence and exhibits, the report of the referees is a full accounting of the parties to the joint adventure and to each other."

The trial court made some modifications of the referees' findings. Such modifications were justified by the evidence and the court in the exercise of sound discretion, was within its

rights in making them. Bradshaw v. Morse, 20 Mont. 214, 50 Pac. 554; Murphy v. Patterson, 24 Mont. 575, 63 Pac. 375.

Appellant questions the right of Ivins to a money judgment as allowed by the trial court.

The rule is that a report or findings of a referee when approved and adopted by the trial judge ''will be treated as unassailable if there is any substantial evidence to sustain them.'' In re Lunke, 56 Mont. 226, 182 Pac. 126, 127; In re McCue, 80 Mont. 537, 261 Pac. 341. See also, Stephenson v. Rainbow Flying Service, Inc., 99 Mont. 241, 42 Pac. (2d) 735.

As shown by the transcript and as found by the trial court, there was substantial evidence to support the referees' findings. In fact there was evidence, had the referees desired to follow it, which would have justified a much larger money judgment in Ivins' favor.

All assignments of error, made by appellant, have been examined but no reversible error can be found among them.

The costs and referees' fees allowed by the court are reasonable.

The trial judge, the referees and counsel for both parties are to be commended for the diligent effort and thoroughness with which their duties were performed.

For the reasons stated the decree and judgment of the district court is affirmed.

· MR. CHIEF JUSTICE ADAIR and ASSOCIATE JUSTICES ANGSTMAN, METCALF and BOTTOMLY, concur.

Rehearing denied May 2, 1950.