THE GEORGIA PACIFIC RAILWAY COMPANY *v.* BOWERS.

1. Where the direct issue between the parties in an action for damages against a railroad company was as to whether, on the approach of a train to a station, the company's agent exhibited only a white light, indicating that the road was clear and that the train might proceed without encountering collision or obstruction, or whether the agent also exhibited a green light under the white one, indicating that the train should proceed with caution and that there was another train on the road between the approaching train and the next station, and both sets of witnesses testified with equal positiveness, the question of positive and negative testimony was not involved, and a charge on such question was, therefore, not required.

2. If the theory of the plaintiff is correct, the facts to sustain which the jury found to be proved, he was not chargeable with negligence in not avoiding the collision which caused the injury, from the fact that in approaching a station three miles from the place of the collision, his train (he being engineer) was running at a rate of speed so high that the train was not then under his control; no accident having occurred there, and it not appearing that the collision occurred by reason of the speed at which the train was then running.

3. The plaintiff's injuries being grave and permanent, damages to the amount of $2,266.66 do not appear to be excessive.

   October 10, 1890.

Negligence. Evidence. Charge of court. Damages. Railroads. Before Judge VAN EPPS. City court of Atlanta. June term, 1890.

The plaintiff was thirty-eight years old at the time of the injury, and was earning about $143 per month. His left leg was broken, and he was hurt through the breast and back. It was ninety-five days from the time he was hurt until he went back to work, and then he earned $100 per month. He has never fully recovered, still suffers much pain, his leg swells and is shortened and enlarged. There was testimony that he would never entirely recover from the effects of the injury.

JACKSON & JACKSON, for plaintiff in error.

R. J. JORDAN, contra.

BLANDFORD, Justice.

This was an action by the defendant in error against the plaintiff in error, to recover damages by reason of the alleged negligence of the plaintiff in error in failing to give proper signals. It appeared upon the trial of the case, by the proof submitted by the defendant in error, that when he approached a certain station upon the railroad of the plaintiff in error, the agent of the plaintiff in error exhibited a white light, which meant that the road was clear and that the train upon which the defendant in error was might proceed without encountering collision or obstruction. On the contrary, the plaintiff in error insisted that its agent exhibited a white light, and under it a green light, which indicated that the train upon which the defendant in error was should proceed with caution, and that there was another train upon the road between him and the next station. This was the direct issue between the parties, defendant in error contending one thing, and plaintiff in error insisting upon the other, the witnesses for both parties testifying in their favor, the one set of witnesses being as positive as the other set. The witnesses for the defendant in error insisted that they were looking and that no green light was presented by the

agent, the witnesses for the plaintiff in error testifying with almost equal positiveness that there was a green light exhibited under the white light. Under such circumstances, it was for the jury to say what was proved, and they found in favor of the defendant in error. So we think, under these circumstances, that the question as to positive and negative testimony was not involved in the case, and therefore there was no evidence which required the court to charge upon the subject of positive and negative testimony.

Another question made in the case is, that it appears from the testimony that the defendant in error, as engineer, approached the station at Mableton at too high a rate of speed—at such a rate that the train was not within his control when he reached that station—and therefore plaintiff in error insists that the defendant in error was guilty of negligence in not having his train under control at the Mableton station, and that if he had so done, the accident would not have occurred at the other station. It appears from the evidence that the collision occurred some three miles distant, and it does not appear that it occurred by reason of the speed with which the defendant in error, as engineer, approached the station at Mableton. No accident occurred there, and we think that if the theory of the defendant in error is correct, the facts to sustain which the jury found to be proved, he was not chargeable with negligence on account of the high rate of speed with which his train approached the station at Mableton.

Plaintiff in error also insists that the damages found by the jury in this case are excessive. We do not think so. The injury which the defendant in error received was very serious and grave.

There are several other points insisted upon by the plaintiff in error, which to our minds are wholly immaterial in the determination of this case. And whether

they are well-taken or not it is unnecessary to consider, as they cannot, in the view we take of the case, be cause for a new trial.                    *Judgment affirmed.*