G. B. DARR v. M. F. MUMMERT.

FILED JANUARY 5, 1899.   No. 8603.

1. **Construction of Contract to Sell Land.** By a contract in writing signed by A and B the former agreed to sell and convey to the latter certain described real estate, provided the latter made certain specified payments of money at certain specified times. The contract contained no agreement on the part of B to purchase the real estate or make the payments mentioned. *Held,* (1) That by the contract A gave B the option to purchase said real estate; (2) that B's failure to make the payments specified did not invest A with a cause of action against him on the contract.

2. **Action on Contract to Sell Land: PETITION.** The petition set out in the opinion and *held* not to state a cause of action.

ERROR from the district court of Dawson county. Tried below before GREENE, J.   *Reversed.*

*C. W. McNamar,* for plaintiff in error.

*G. W. Fox, contra.*

RAGAN, C.

M. F. Mummert brought this suit in the district court of Dawson county against G. B. Darr.   Darr interposed a general demurrer to Mummert's petition, which the court overruled.   Darr refused to plead further, and judg-

ment was entered against him, to review which he has filed here a petition in error.

The only question in the case is whether the petition states facts sufficient to constitute a cause of action. The petition, so far as material here, was in the words and figures as follows:

"The plaintiff complains of the defendant, for that on or about the 1st day of November, 1893, plaintiff and the defendant, for the considerations named in the real estate contract hereinafter copied, made in writing a real estate contract, of which the following is a copy: 'This agreement, made this 1st day of November, A. D. 1893, between M. F. Mummert, of Bushnell, McDonough county, Illinois, of the first part, and George B. Darr, of Lexington, Dawson county, Nebraska, of the second part, witnesseth: That in consideration of the covenants and agreements herein specified the said party of the first part hereby agrees to sell unto the said party of the second part the following described real estate, situated in Dawson county, and state of Nebraska, to-wit: The northwest quarter ($\frac{1}{4}$) of section twenty-three (23), in township ten (10) north, of range twenty-two (22) west of the 6th P. M., in Dawson county, Nebraska, as designated by the records of said Dawson county, for the sum of $2,000, $400 of which has been paid in hand, the receipt of which is hereby acknowledged. Now if the said party of the second part shall pay to the party of the first part punctually the several sums set forth, and at the dates set forth below, to-wit, $400 on or before the 1st day of November, 1895, $1,200 on or before the 1st day of November, 1897, at the office of the Lexington Bank, Lexington, Nebraska, with exchange, and with interest at the rate of eight per cent per annum from date hereof until the whole sum is fully paid, and regularly and seasonably pay all taxes that may be lawfully assessed against said premises, and in case said party of the second part or his legal representatives shall pay the several sums of money aforesaid, at the several times above limited, and

shall strictly and literally perform all and singular the
aforesaid agreements after their true tenor and intent,
then the said first party will convey, or cause to be con-
veyed, to said party of the second part by warranty deed
the above described premises, except taxes of 1893 and
thereafter.' Said real estate contract was so made in
duplicate, and when so made the plaintiff delivered one
of the said duplicates to the defendant and the defendant
delivered the other of said duplicates to the plaintiff, and
the $400 cash payment mentioned in said contract was
paid by defendant to plaintiff. When said contract was
so made and delivered the plaintiff was the owner of the
land described therein. At the time of the making and
delivery of said contract as aforesaid the defendant, un-
der said contract and with the assent of plaintiff, took
possession of said real estate, and ever since then he and
one E. B. Smith, to whom defendant assigned said con-
tract, have had possession thereof, and have had the ex-
clusive use thereof. No part of the $400 payment men-
tioned in said contract and due on or before the 1st day
of November, 1895, as therein provided, has been paid,
nor has any part of the interest thereon been paid, and
there is now due from the defendant to the plaintiff on
said real estate contract the sum of $400, with eight per
cent interest per annum from the 1st day of November,
1893. No part of the interest on the $1,200 payment men-
tioned in said real estate contract has been paid, and
there is now due from the defendant to the plaintiff on
said real estate contract, as interest on said $1,200 pay-
ment, the sum of $192. The plaintiff therefore asks judg-
ment against the defendant for the sum of $592, with
eight per cent interest on $400 thereof from the 1st day
of November, 1893, and for costs of suit."

What contract between these parties does the writing
copied into the petition evidence? It is a contract and
agreement on the part of Mummert to convey the real
estate described to Darr, if the latter should make cer-
tain payments at certain times. Darr did not promise

to make these payments, or any of them; did not promise to purchase the real estate. The effect of the agreement of the parties was that Mummert gave Darr the option of purchasing the real estate on certain conditions. The petition sets out what the contract between the parties was, but fails to allege that Darr has broken any contract made with Mummert, and therefore it fails to state a cause of action. The judgment of the district court is reversed and the cause remanded.

REVERSED AND REMANDED.