LOWERY ET AL., RESPONDENTS, *v.* COLE ET AL., APPELLANTS.

(No. 3,285.)

(Submitted February 10, 1913. Decided February 21, 1913.)

[130 Pac. 410.]

*Specific Performance—Injunctions Pendente Lite—Complaint—
Sufficiency—Real Property—Tender of Deed—Action at Law
—Compensation—Presumptions.*

Preliminary Injunctions—Discretion—Appeal.
    1.   The granting of, or refusal to grant, a preliminary injunction, with or without notice, as well as the continuing thereof in force after answer, are matters addressed to the discretion of the district court, with the exercise of which the supreme court will interfere only in case of manifest abuse.

Specific Performance—Complaint—Sufficiency—Injunction *Pendente Lite.*
    2.   The fact that the complaint seeking specific performance of a contract, under the terms of which defendant agreed *inter alia* to take over certain lots owned by plaintiffs in discharge of a judgment held by her, and asking a preliminary injunction restraining conduct on defendant's part which, but for the restraint, would result in a condition rendering a final decree in favor of plaintiffs ineffective, failed to allege that defendant was insolvent, did not render the court's action in granting the injunction erroneous; the pleading having been verified upon knowledge, the requirements of section 6644, Revised Codes, were met.

Same—Sale of Realty—Deed—Tender—Complaint—Sufficiency.
    3.   In an action to enforce the specific performance of the contract referred to in paragraph 2, *supra,* failure on the part of plaintiffs to tender the deed with the complaint did not render the pleading objectionable, it having been alleged that an offer to perform had been made and refused and that plaintiffs were willing and stood ready to comply with the contract on their part.

Same—Complaint—Sufficiency—Compensation—Presumptions.
    4.   In an action for the specific performance of a contract for the sale of real property it is not necessary for plaintiff to allege that he has no adequate remedy at law, the presumption attaching that he has suffered detriment which is incapable of compensation in damages.

Same—Injunctions—Power of Court.
  5. A court of equity, having once assumed jurisdiction of an action for specific performance for the sale of land, may, as in any other action, make use of all the instrumentalities at its disposal, including injunction, to preserve the *status quo* until the controversy can be determined on the merits.

*Appeal from District Court, Ravalli County; R. Lee McCulloch, Judge.*

ACTION by Andrew Lowery and another against Mary Cole and George See, sheriff. From an order refusing to dissolve an injunction defendants appeal. Affirmed.

*Messrs. O'Hara, Edwards & Madeen,* for Appellants, submitted a brief; and *Mr. Thomas J. Edwards* argued the cause orally.

*Mr. James D. Taylor,* and *Mr. L. O. Johnson,* for Respondents, submitted a brief; *Mr. Taylor* argued the cause orally.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Appeal from an order refusing to dissolve an injunction. On January 20, 1912, the plaintiffs were indebted to the defendant Mary Cole in the sum of $949.44, evidenced by a judgment recovered in the district court of Ravalli county on September 2, 1911. They were also indebted to one Louise J. Hageman. A portion of this indebtedness, the exact amount being not then definitely determined, was secured by a mortgage upon lots 15 and 16, in block 21, in Hamilton, Ravalli county. The plaintiffs, desiring to effect satisfaction of the judgment and also to procure a discharge of so much of their indebtedness to Hageman as was secured by the mortgage, entered into a contract in writing with the defendant Cole, under the terms of which they agreed to convey to her the said lots by warranty deed at a price to be fixed by three arbitrators, one chosen by each of the parties to the contract, and the third by these two. The defendant Cole agreed on her part to accept the conveyance at the

price so to be fixed, and in consideration therefor (1) to pay so much of the Hageman indebtedness as was secured by the mortgage; (2) to apply the remainder to the satisfaction of the judgment; and (3) to pay the balance, if any then remaining, to the plaintiffs. The arbitrators were selected and fixed the price of the lots at $1,750. The amount of the Hageman encumbrance was then definitely ascertained to be $778. In addition to these facts, the complaint alleges that the plaintiffs thereupon executed a warranty deed to defendant Cole; that they tendered it to her and demanded that she pay the mortgage indebtedness due Hageman; that she refused to accept the deed or to pay the said indebtedness and has ever since refused to do so; that the plaintiffs have ever since been ready to deliver the said lots to this defendant according to the terms of the contract; that on the —— day of ————, 1912, this defendant caused an execution to be issued upon the judgment and to be placed in the hands of the defendant George See, the sheriff of Ravalli county; that, under and by virtue of it, he has seized certain personal property of plaintiffs, consisting of livestock, hay, grain, farming implements, household goods, *etc.;* that he has advertised it for sale to satisfy the judgment; and that, unless he is restrained from so doing, he will proceed to complete the sale and satisfy the judgment. It is further alleged, by way of conclusion, that the plaintiffs are without a plain, speedy or adequate remedy at law, and will suffer irreparable damage if the sale is carried to completion. The prayer is for a decree requiring the defendant Cole to perform the contract according to its terms, and for an injunction to restrain the sale pending the action. Attached as an exhibit is a copy of the contract. The allegations are upon positive knowledge. The complaint was filed on November 8. The court issued the injunction as prayed, but without notice, the sale being advertised for that day. On December 6 the defendants moved the court to vacate the order granting the injunction on the grounds that the facts stated do not warrant the granting of the writ, and that, in any event, they do not exhibit such an emergency as justified the granting of it with-

out notice. The motion was supported by an affidavit by the defendant See, and by an answer by both defendants. The affidavit does not controvert any of the facts alleged in the complaint. The answer admits all of the allegations therein made, except that it denies a tender of the deed by the plaintiffs. It alleges in this connection that the defendant Cole, at the time the value of the lots was fixed by the arbitrators, was, and ever since has been, ready and willing to accept the deed from plaintiffs and to carry out the terms of the contract, but that the plaintiffs refused, and ever since have refused, to deliver it or the possession of the lots.

It is a settled rule in this jurisdiction that the granting or [1] refusing to grant a preliminary injunction in a particular case rests in the discretion of the district court, and that this court will not interfere with the exercise of that discretion unless there has been a manifest abuse of it. (*Bennett Bros.* v. *Congdon,* 20 Mont. 208, 50 Pac. 556; *Boyd* v. *Desrozier,* 20 Mont. 444, 52 Pac. 53; *Forrester* v. *Boston & Mont. etc. Co.,* 21 Mont. 544, 55 Pac. 229, 353.) In exigent cases, before the defendant has answered, the writ may be granted without notice either upon the complaint alone or upon affidavits, if in the opinion of the court irreparable injury will result from the delay required for giving notice. (Rev. Codes, secs. 6644, 6645.) So it is discretionary with the court as to whether the injunction shall be continued after the defendant has answered.

The contention of counsel is that since it is not alleged that [2] the defendants are insolvent, and it is apparent that an action at law for damages for a violation of the contract would adequately compensate the plaintiffs, the court abused its discretion both in granting the writ, and in refusing to sustain the motion to set it aside. There is no merit in the contention from either point of view. The complaint is verified upon knowledge. This meets the requirement of the statute. (Sec. 6644, *supra.*) We do not think that it can be questioned that the plaintiffs are entitled to a specific performance of the contract, if the facts as stated are established by the evidence. The complaint

is not a model of pleading, but it sets forth clearly the stipulations of the contract, the definite ascertainment of the purchase price in accordance therewith, and a tender of such a conveyance as the plaintiffs bound themselves to make. But for the single issue as to the tender of the deed, upon the admissions in the answer it is apparent that defendant Cole is without defense. [3] It is true the deed is not tendered with the complaint; yet, since the plaintiffs have submitted themselves to the jurisdiction of the court, they may be required to prepare and deposit the deed in court at any time before the decree granting them relief. By demanding the relief sought, coupled with the allegation of the offer to perform, they exhibit their willingness to meet all the obligations to be performed on their part. Hence the complaint is not open to objection because the plaintiffs do not allege a deposit of the deed with the clerk. As was said by the supreme court of appeals of West Virginia, in *Vaught* v. *Cain*, 31 W. Va. 424, 7 S. E. 9: "Whatever may be the rule as to dependent covenants in courts of law, it is well settled, in cases of this character in courts of equity, that it will not make the bill demurrable merely because the plaintiff fails to tender with his bill for specific performance a sufficient or any deed for the land." There is some diversity in the decisions on the subject, but, where it appears that an offer to perform has been made and refused, it is sufficient if the plaintiff alleges that he is willing and stands ready to comply with the contract on his part. (*Bruce* v. *Tilson*, 25 N. Y. 194.)

In this character of action it is not necessary for plaintiff [4] to allege special circumstances showing that he has no adequate remedy at law. The allegation of a breach of such a contract is itself sufficient to raise the presumption that pecuniary compensation will not afford adequate relief. (*Ide* v. *Leiser*, 10 Mont. 5, 24 Am. St. Rep. 17, 24 Pac. 695; *Christiansen* v. *Aldrich*, 30 Mont. 446, 76 Pac. 1007; Rev. Codes, sec. 6099.) In other words, when it appears that the defendant has refused to comply with his contract, the presumption attaches that the plaintiff has suffered detriment which is irreparable in an action

for damages and is *prima facie* entitled to invoke the aid ·of equity to obtain adequate relief, *viz.*, the performance of the contract.    The court may grant or withhold relief, according to the circumstances as they are made to appear by the evidence (*Christiansen* v. *Aldrich, supra*) ; but, having assumed jurisdiction of the action, it will, as in any other action, make use of all the instrumentalities at its disposal to preserve the *status quo* until the controversy can be determined on the merits.    (*Taylor* v. *Florida East Coast Ry. Co.*, 54 Fla. 635, 127 Am. St. Rep. 155, 14 Ann. Cas. 472, 16 L. R. A., n. s., 307, 45 South. 574; 2 High on Injunctions, 4th ed., 1120.)    The question here is not, as counsel seem to think, whether a case is stated for an injunction to restrain the collection of a judgment which should be deemed satisfied, but whether, pending the action, the court should restrain conduct on the part of the defendants which, but for the restraint, would result in a condition which would render the final decree in favor of plaintiffs ineffective.    If the plaintiffs are entitled to any relief, they are entitled to have the judgment satisfied in conformity with the terms of the contract. This they cannot have if the sale is allowed to proceed and satisfaction is had by that means; for, under the changed conditions which would be found to exist at the termination of the action, the rights of the parties, as affected by the seizure and sale of the property, would be left wholly unadjusted.

The injunction was properly issued in the first instance, and the action of the court in denying the motion was correct.    The order is affirmed.

*Affirmed.*

Mr. Justice Holloway and Mr. Justice Sanner concur.