MCCAFFREY BROTHERS COMPANY, APPELLEE, v. HART-WILLIAMS COAL COMPANY, APPELLANT.

FILED SEPTEMBER 26, 1914. No. 17,822.

Statute of Frauds: SALES: MEMORANDUM. If the duly authorized sale agent of the defendant signs a memorandum addressed to his principal directing the shipment of specified goods to the plaintiff at a specified place, and for a specified price, and procures the plaintiff to sign an acceptance of the same as a memorandum of sale, and forwards the same to his principal as such memorandum, it will constitute a sufficient memorandum of sale under section 2631, Rev. St. 1913.

APPEAL from the district court for Douglas county: LEE S. ESTELLE, JUDGE. Affirmed.

Smyth, Smith & Schall, for appellant.

Mahoney & Kennedy, contra.

SEDGWICK, J.

The plaintiff brought this action in the district court for Douglas county to recover on an alleged contract of

sale of a quantity of Portland cement by defendant to plaintiff. It is alleged that defendant failed and refused to fulfil its contract, though duly requested so to do. The defendant filed a general demurrer to the amended petition, which was overruled, and judgment entered for plaintiff. Defendant has appealed.

The contention is that the allegations of the petition are insufficient, and that it is not alleged that the defendant made any contract whereby it agreed to sell plaintiff the cement specified. The petition alleges: "On the 6th day of May, 1910, the defendant entered into a contract in writing with the plaintiff, a copy of which contract is hereto attached marked exhibit A. In said contract defendant agreed to deliver 2,500 barrels of Portland cement to the plaintiff as ordered, but not later than December 1, 1910, for the agreed price of 85 cents per barrel f. o. b. the mill on freight rate basis to Omaha, Nebraska, of 38 cents per barrel, and plaintiff agreed to purchase said cement on said terms." Exhibit A is as follows: "Order No. 1. Date 5-6-1910. Hart-Williams Coal Co. Ship to McCaffrey Bros. Co., at Omaha. When: As ordered, commencing at once. How ship: As ordered during the life of job, not later than Dec. 1st, 1910. Terms: Usual. Salesman: ————. Buyer: ————. Not less than 2,000, with option on 2,500, bbls. Portland cement from Lumberman's Portland Cement Co. Cement furnished guaranteed standard quality and to pass all standard tests as prescribed by the American Society of Civil Engineers. Ship one car at once. Price 85c. per bbl. f. o. b. Will present frt. rate 38c. per bbl. E. G. Hickey, W. S. A. Accepted: F. O. McCaffrey."

A contract for the sale of personal property for the price of $50 or more, when no payment is made on the purchase and no part of the goods accepted, cannot be enforced unless "a note or memorandum of such contract be made in writing and be subscribed by the party to be charged thereby." Rev. St. 1913, sec. 2631. The petition alleges that E. G. Hickey, who signed the memorandum of contract, was duly authorized by defendant to make such

contract, and that McCaffrey was duly authorized by plaintiff. It is not necessary that the memorandum should contain all the detail terms of the contract. *Ruzicka v. Hotovy,* 72 Neb. 589. In this memorandum the sale agent of defendant directs his principal to ship the cement to plaintiff at Omaha as ordered, commencing at once, and states the price to be paid therefor. The plaintiff by its agent accepted this, thereby binding itself to receive the cement and pay therefor the price specified. If the allegations of the amended petition are true, there was a contract of sale, and this writing was "accepted" from the defendant by the plaintiff as a memorandum thereof. If this writing was not delivered and accepted as a memorandum of sale of the property therein specified for the price stated therein, it devolved upon the defendant to controvert these allegations.

In *Fisher v. Buchanan,* 2 Neb. (Unof.) 158, there was an entire failure of evidence upon a vital matter in the case, which was sufficient ground for reversal. As the opinion is unofficial, it is not to be regarded as a precedent upon the question as to the sufficiency of the contract.

In *Darr v. Mummert,* 57 Neb. 378, the contract sued upon was considered to give an option only, and not to bind the party to whom the option was given. The court, by Ragan, commissioner, construed the contract to exclude any agreement on the part of Darr.

The general demurrer to the amended petition was rightly overruled.

AFFIRMED.

ROSE, J., not sitting.