DINEEN ET AL., APPELLANTS, *v.* SULLIVAN ET AL., RESPONDENTS.

No. 8877

Submitted May 17, 1949. Decided October 13, 1949.
Rehearing Denied January 19, 1950.
213 Pac. (2d) 241

Mr. Ralph J. Anderson, Mr. J. R. Wine, Sr., and Mr. Albert C. Angstman, all of Helena, for appellants. Mr. Anderson and Mr. Wine argued orally.

Mr. John F. McGough, Boulder, Messrs. Toomey, McFarland and Wagner, Helena for respondents. Mr. Toomey and Mr. Wagner argued orally.

MR. JUSTICE FREEBOURN:

This is an appeal from an order of the district court of the Fifth Judicial District of the State of Montana, in and for the County of Jefferson, dismissing the action, after sustaining a demurrer to the amended complaint upon plaintiff's refusal to further plead.

A demurrer had been sustained to the original complaint and the amended complaint was then filed. The amendment consisted in the main of the allegations in paragraph III.

The plaintiffs, by the amended complaint, seek to establish a completed, binding contract, resting in parol, and evidenced by a note or memorandum called "memorandum of agreement," whereby they seek to compel the defendant, as an individual and in her capacity as executrix of the last will and testament of her deceased husband, to specifically perform the alleged completed and binding oral contract, by selling and transferring to them real and personal property, valued at $65,000 located at Alhambra, Jefferson county, Montana.

The memorandum agreement is as follows:

"20 July 1946.

"Memorandum of Agreement.

"This agreement witnesseth:

"That we have this day agreed to sell to Robert Lee Wine, of Helena, Montana, the property known as Alhambra Hot Springs, located at and near Alhambra, Jefferson County, Montana, consisting of approximately 800 acres, including Sunny Side Hot Springs and Alhambra Hot Springs, inclusive of plunge, Hotel

completely furnished, and certain other personal property, for the consideration of $65,000.00, payable in installments, provided the first installment, in the amount agreed upon, is made and paid on or before August 15th, 1946.

"It is agreed that the purchaser's interest in this contract, or any part thereof, may be assigned.

"Receipt of $25.00 earnest money, on this date, as part payment of the purchase price, is hereby acknowledged. Warranty deed, formal contract embodying the terms agreed upon by the seller and the purchaser, and all other papers, to be drawn by Wm. Scallon, Esq., of Helena, Montana. ·

"M. J. Sullivan
"Margaret F. Sullivan
"Sellers
"Robert L. Wine
"Purchaser.' '

M. J. Sullivan and Margaret F. Sullivan, the sellers and signers of the memorandum of agreement, were husband and wife and owners of the valuable property mentioned in the memorandum of agreement. M. J. Sullivan died after the signing of the memorandum of agreement, and his widow was appointed executrix of his last will and testament.

The ''Warranty deed, formal contract embodying the terms agreed upon by the sellers ·and the purchaser, and all other papers, to be drawn by Wm. Scallon, Esq., of Helena, Montana,'' were never drawn, made and signed.

The Revised Codes of Montana, 1935, applicable here, in part, provide as follows:

Section 7519: ''The following contracts are invalid, unless the same, or some note or memorandum thereof, be in writing and subscribed by the party to be charged, or his agent:

''1. An agreement that by its terms is not to be performed within a year from the making thereof. * * *

''4. An agreement for the sale of goods, chattels, or things in action, at a price not less than two hundred dollars * * *.''

Section 7591: ''No sale of personal property, or agreement to

buy or sell it for a price of two hundred dollars or more, is valid, unless:

"1. The agreement or some note or memorandum thereof be in writing, and subscribed by the party to be charged, or by his agent * * *."

Section 7593: "No agreement for the sale of real property, or of any interest therein, is valid, unless the same, or some note or memorandum thereof, be in writing, and subscribed by the party to be charged, or his agent, thereunto authorized, in writing * * *."

Section 10613: "In the following cases the agreement is invalid, unless the same or some note or memorandum thereof be in writing, and subscribed by the party charged, or by his agent; evidence, therefore, of the agreement cannot be received without the writing or secondary evidence of its contents:

"1. An agreement that by its terms is not to be performed within a year from the making thereof. * * *

"4. An agreement for the sale of goods, chattels, or things in action, at a price not less than two hundred dollars * * *."

Since the transaction and agreement involved: The sale of real property; the sale of personal property of a value of more than two hundred dollars; and was not to be performed within one year; and was not in writing; it was invalid, unenforceable and no evidence could be received thereof, unless the memorandum of agreement was sufficient to meet the requirements of the note or memorandum mentioned in the foregoing sections of the Revised Codes of Montana, 1935.

The statutes of Montana do not say what shall be contained in such note or memorandum. Little might be needed in a simple pay and take agreement; and much in a more involved transaction and agreement.

This court has said that the note and memorandum must contain tain the essentials of the contract so that they may be ascertained from the writing without a resort to oral evidence

In Lewis v. Aronow, 77 Mont. 348, 251 Pac. 146, 149, this court said: "Upon one main proposition there seems to be a

unanimity in judicial declaration, viz.: That, in order to take an oral contract for the sale of personal property out of the statute of frauds, the note or memorandum thereof *must contain the essentials of the contract,* so that they may be ascertained from the writing without a resort to oral evidence. (Williams v. Morris, 95 U. S. 444, 24 L. Ed. 360; 25 R. C. L., p. 649, sec. 276.) The foregoing rule is sufficiently complied with if all the material elements of the contract or agreement are stated in general terms in the note or memorandum; all the details or particulars need not be stated therein. Horton v. Wollner, 71 Ala. 452; Bayles v. Strong, 104 App. Div. 153, 93 N. Y. S. 346, affirmed in 185 N. Y. 582, 78 N. E. 1099; McCaffrey Bros. Co. v. Hart-Williams Coal Co., 96 Neb. 774, 148 N. W. 966; Wright v. Seattle Grocery Co., 105 Wash. 383, 177 Pac. 818.'' (Emphasis supplied.)

The essentials of the oral contract alleged in the amended complaint *which are contained* in the memorandum of agreement are: (1) The names of the parties; (2) that the Sullivans agreed to sell; (3) a general description of the real and some of the personal property; (4) the location of the property; (5) the purchase price of $65,000 payable in installments; (6) the date of payment of the first installment; (7) payment of $25 by the buyers, as earnest money; and (8) that warranty deed, formal contract embodying the terms agreed upon by the seller and the purchaser, and all other papers to be drawn by William Scallon, Esq., of Helena, Montana.

The essentials of the oral contract and agreement, as alleged in paragraph III of the amended complaint and *not contained* in the memorandum of agreement, are: (1) that $10,000 was to be the first installment on the purchase price; (2) that the balance of the purchase price ($55,000) was to be paid in eleven successive annual payments of $5,000 each; (3) interest at five percent. per annum on unpaid balances of principal, each annual payment with interest to be paid, on or before the 15th day of August of each of the years 1947-1957; (4) possession of the real property to be delivered to plaintiffs on August 15, 1946; (5)

possession of the personal property to be delivered to plaintiffs on August 15, 1946; (6) the warranty deed and bill of sale would be delivered to plaintiffs upon payment of the first installment; (7) that the plaintiffs would execute and deliver a first mortgage on the real and personal property as security for purchase price balance; (8) that the parties would prorate the taxes, insurance and liquor licenses for the year 1946 and that plaintiffs would assume payment of the same for 1947, and subsequent years; and (9) that plaintiffs would keep the premises and personal property insured.

One of the most material elements and essentials of the oral contract was the mortgage, to be given in securing the payment of the $55,000 balance of the purchase price, a complete, binding, written contract in itself, the terms of which could well or ill protect defendant's stake, over the long stretch of eleven years. From a reading of the memorandum of agreement, one could not determine if the deed was to be delivered upon payment of the first installment, a mortgage being then required, or if the deed would be placed in escrow, requiring an escrow agreement, with delivery of the deed in eleven years, upon the final installment of $5,000 being paid.

"Unless the essential terms of the sale can be ascertained from the writing itself, or by reference in it to something else, the writing is not a compliance with the statute; and, if the agreement be thus defective, it cannot be supplied by parol proof, for that would at once introduce all the mischiefs which the statute was intended to prevent." Williams v. Morris, Ex'r, 95 U. S. 444, 24 L. Ed. 360; 25 R. C. L., p. 649, sec. 276.

"Generally speaking, a memorandum in writing meets the requirements of the statute of frauds that certain contracts shall be evidenced by writing if it contains the names of the parties, the terms and conditions of the contract, and a description of the property, sufficient to render it capable of identification." 49 Am. Jur., "Statute of Frauds," sec. 321, p. 635.

It is sufficient as evidence if the person to be bound signs a statement or document in which he admits that the parties made

the oral contract, sufficiently stating therein its essential terms. 2 Williston on Contracts (Rev. Ed.), secs. 567, 579.

"In like manner the promises of both the parties, so far as they are executory, must all be included in the memorandum—whether it be one or more writings—so that parol evidence shall not be necessary to ascertain anything which the parties have undertaken to do or to omit. Every written contract pre-supposes a prior verbal agreement which it embodies—in fact, the writing is the *evidence* of the agreement, and not the essence of it. *The memorandum,* in order to satisfy the statute of frauds, *must contain all the stipulations and undertakings of the verbal bargain.* If any of these stipulations are omitted, then the memorandum—although the facts which it does contain might, by themselves, make *a* complete contract—is not a note or memorandum of the agreement as required by the statute, and cannot be enforced at law or in equity." Pomeroy's Work, Specific Performance of Contracts (3rd Ed. 1926), sec. 91, p. 225. (Emphasis supplied.)

Professor Williston in 2 Williston on Contracts, Rev. Ed., 1645, sec. 575, states: "So, although the contract appearing in the memorandum seems to be complete upon its face, if, in fact, there were additional terms, the memorandum is insufficient because the memorandum must state the essential terms of the oral contract. Thus, *if there is* a warranty, or a condition of approval by the buyer, or *a term of credit, or security, or if the place or time of delivery or payment is agreed upon, these must be included in the Memorandum."* (Emphasis supplied.)

1 Restatement of the Law of Contracts, page 278, section 207, has this to say: "A memorandum, in order to make enforceable a contract within the statute, may be any document or writing, formal or informal, signed by the party to be charged or by his agent actually or apparently authorized thereunto, which states with reasonable certainty, (a) each party to the contract * * *, and (b) the land, goods or other subject-matter to which the contract relates, and (c) *the terms and conditions of all the*

*promises constituting the contract* and by whom and to whom the promises are made.'' (Emphasis supplied.)

In Block v. Sherman, 109 Ind. App. 330, 34 N. E. (2d) 951, 955, the Supreme Court of Indiana said:

''The signed receipt does show each party to the contract, but it does not show the terms and conditions of all the promises constituting the oral contract of which the signed receipt is claimed by the appellant to be a memorandum.

''It was alleged in appellant's complaint that the appellee, Augusta J. Sherman, offered to sell certain real estate for the sum of thirteen thousand five hundred dollars ($13,500) and that the appellant was to pay the sum of five hundred dollars ($500) on the 29th day of November, 1939, and that appellant was to assume taxes in the amount of one hundred thirty-three dollars and ninety-eight cents ($133.98), payable twice a year, and the balance of the purchase price was to be paid in cash upon the delivery of the deed and the abstract brought up to date. The signed receipt shows nothing concerning assumption of taxes, completion of abstract or time of payment of balance of purchase price. While the time and place of performance are not always necessary terms of a valid memorandum, because in their absence the law supplies these by implication, but where a time for performance has been expressly agreed upon as a part of the contract and thus made a condition, it must appear as a constituent part of the memorandum.''

In Berman Stores Co., Inc., v. Hirsh, 240 N. Y. 209, 148 N. E. 212, 213, the New York Court said:

''If the parol agreement fixed no time for delivery, the memorandum evidencing the contract is sufficient under the statute, since it contains all the terms which have been agreed on. In such case the law supplies the missing term and requires delivery within a reasonable time. If, on the other hand, the time was fixed by the parties, the memorandum is insufficient.

'' 'It is not sufficient that the note or memorandum may express the terms of a contract. It is essential that it shall completely evidence the contract which the parties made.' Poel v.

Brunswick-Balke-Collender Co. of New York, 216 N. Y. 310, 110 N. E. 619.''

In Benton v. Colson, 115 Conn. 720, 161 A. 860, the Supreme Court of Connecticut said: ''Where no method of payment of the purchase price of real estate is agreed upon, it is presumed that payment is to be made in cash at the time title passes, but this presumption rests upon a failure to agree rather than a failure to state what was agreed and does not obtain where the memorandum indicates that terms were agreed upon which are not stated.''

The memorandum in that case is as follows: ''Receipt on account of purchase price of 15.52 more or less acres of land located off of Highland Ave., between Flax Hill Road and Devil's Garden Road. The purchase price to be $15,000. $2,000 to be paid on signing of contract—$2,000 to be paid Aug. 25th and $1,000 October 25th at which time title will pass. Land to be designated as indicated on map and agreed upon by both parties.''

In holding this memorandum insufficient the court went on to say: ''In the instant case, the writing shows that a formal contract was to be thereafter drawn. It also rebuts any presumption that the balance of the purchase price not before paid was to be paid in cash when title passed, by its provision that at that time only $1,000 was to be paid. It is apparent that how and when that balance was to be paid either was agreed upon and not stated in the writing or was left open for future agreement.''

In Friedman v. Bergin, 22 Cal. (2d) 535, 140 Pac. (2d) 1, 2, the California Court, in holding a memorandum insufficient, said: ''The trial court found that the only agreement between plaintiffs and Bergin was that of April 24, 1937. That finding necessarily implies that the terms of the actual arrangement under which the concession was operated were agreed upon at that time and were intended to be a part of the contract then made. Although Plaintiffs and Bergin may have agreed to these terms when they signed the memorandum, they did not include them therein. The memorandum does not state that plaintiffs were to have the right to sell their wares through Bergins

204

stands and Bergin's employees, that plaintiffs were to receive nightly accountings, or that Bergin was to pay plaintiffs' licenses, social security and unemployment insurance payments, industrial accident insurance and sales tax. There is no mention in its two sentences of Bergin's right to retain 16 2/3 % of plaintiffs' receipts from candy sales. The actual operation of the concession involved the practical construction, not of the terms of the memorandum, but of material terms not expressed within it." (Citing authorities, among others, Niles v. Hancock, 140 Cal. 157, 73 Pac. 840; Santoro v. Mack, 108 Conn. 683, 145 A. 273; and 2 Williston on Contracts, 1936, p. 1645.) See also: Lester v. Heidt, 86 Ga. 22, 12 S. E. 214, 10 L. R. A. 108; Norris v. Blair, 39. Ind. 90, 10 Am. Rep. 135; Nelson v. Shelby Mfg. & Imp. Co., 96 Ala. 515, 11 So. 695, 38 Am. St. Rep. 116; Sullivan v. Ladden, 101 Conn. 166, 125 A. 250; Mason Motors Spirit Distributing Co. v. Cosden, 105 Okl. 244, 231 Pac. 890.

In Gendelman v. Mongillo et ux., 96 Conn. 541, 114 A. 914, 915, the Connecticut Supreme Court laid down the same rule as Montana, when it said:

" 'The note or memorandum of sale, required by the statute, must state the contract with such certainty that its essentials can be known from the memorandum itself, without the aid of parol proof, or by a reference contained therein to some other writing or thing certain, and these essentials must at least consist of the subject of the sale, the terms of it, and the parties to it, so as to furnish evidence of a complete agreement.' Nichols v. Johnson, 10 Conn. 192, 198. * * *

"These [the terms pleaded in the complaint] were terms of the agreement as made, which were concededly not made a part of the agreement. A decree based upon the memorandum would not carry out the true agreement as made by these parties. The agreement of the memorandum does not express the entire terms of the agreement, and these must be supplemented from the negotiations by parol proof. Such an agreement cannot be enforced."
See also Bauer v. Victory Catering Co., 101 N. J. L. 364, 128 A. 262; and Jacobson v. Lambert, 109 N. J. Eq. 88, 156 A. 763.

In Pitek v. McGuire, 51 N. M. 364, 184 Pac. (2d) 647, 651, 1 A. L. R. (2d) 830, the Supreme Court of New Mexico, holding a memorandum insufficient to meet the requirements of the memorandum or note required by the statute in the case of an agreement to sell real property, said: ''To satisfy the statute of frauds the contract itself must be in writing; or if verbal, then there must have been some writing subsequently made however informal, stating each of its essential elements, signed by the person to be charged, or by his authorized agent acting for him.''

Since the amended complaint shows upon the face thereof ▇ that the memorandum of agreement, signed by Mr. Wine and Mr. and Mrs. Sullivan, does not contain all the essentials of the oral contract and agreement and such essentials cannot be ascertained without resort to oral evidence, such memorandum is insufficient to constitute the note or memorandum required by Montana statutes, and such oral contract and agreement cannot be enforced, in law or in equity, and the lower court's action, in sustaining the demurrer to the complaint and in dismissing the action, was correct and is hereby affirmed.

The Honorable J. W. Speer, District Judge (sitting in place of Mr. Chief Justice Adair, disqualified), the Honorable F. V. Watts, District Judge (sitting in place of Mr. Justice Angstman, disqualified), and Associate Justices Metcalf and Bottomly, concur.

Rehearing denied January 19, 1950.